HENRY A. GOWING & another *vs.* NATHANIEL KNOWLES & others.

Suffolk    March 4. — Sept. 3, 1875.   MORTON & ENDICOTT, JJ., absent.

In an action to recover the price of goods sold, the plaintiff testified that he offered to sell the goods on certain terms, the bill to be dated December 15, 1872, on six months; that the defendant said he would accept the offer if the bill was made December 31, 1872, on six months; that the plaintiff said he could not do this, and the defendant said that he would do no better. *Held*, that this evidence did not warrant the jury in finding a contract of sale.

In an action to recover for goods alleged to have been sold by the plaintiff to the defendant, the evidence did not establish an assent by the defendant to the offer of the plaintiff, who sent the goods to the defendant's warehouse, where they were receipted for by a boy in his employ and received by his servants without his knowledge. A bill upon the terms of the plaintiff's offer was sent with the goods, but there was no evidence that it was received by the defendant or his agents. The goods were examined at the defendant's warehouse by his examiner. The defendant, who bought other similar goods of the plaintiff, went to the examiner's room almost daily to look at goods, and testified that he did not remember whether the goods in question were or were not included in the claim made by him upon an insurance company when his store and its contents, including these goods, were afterwards destroyed by fire. *Held*, that the evidence did not establish such a subsequent acceptance of the goods by the defendant as to warrant the jury in finding a contract of sale.

CONTRACT for goods sold and delivered.   Answer: 1. A general denial; 2. The statute of frauds.   At the trial in the Superior Court, before *Pitman*, J., the defendants asked the judge to rule that the evidence did not show a contract of sale, or an acceptance and receipt of the goods.   The judge refused so to rule, and submitted the case to the jury under instructions not otherwise excepted to.   The jury found for the plaintiffs; and the defendants alleged exceptions, the substance of which appears in the opinion.

*C. S. Lincoln*, for the defendants.

*R. M. Morse, Jr.*, for the plaintiffs.

DEVENS, J.   The only inquiries presented are whether there was sufficient evidence of a contract of sale between the parties, and of a delivery and acceptance of the goods under the contract, to go to the jury, the instructions in other respects not having been excepted to.

The plaintiffs, in order to prove an executory contract previous to the delivery, relied solely upon a conversation between Grew

one of the plaintiffs, and the defendant Knowles. Accepting the statement of Grew, which is the one most favorable to the plaintiffs, there was a proposition on the part of the plaintiffs to sell on certain terms, and on that of the defendants to buy on certain other terms, the distinct point of difference being as to whether the credit should begin to run on December 15 or December 31. Knowles offered to take the goods if the bill was made on six months from December 31, Grew having previously offered the goods at six months from December 15. Grew replied "that he could not do this, on which Knowles said he could do no better." No evidence was offered of other language, conduct or gestures controlling this, and certainly no inference that a contract of sale was concluded was authorized by it.

Nor is there shown a subsequent acceptance of the goods, with knowledge of the terms insisted on by the plaintiffs, from which an assent to those terms might be inferred which would constitute a contract. Notwithstanding the defendants had declined to take the goods on the terms proposed by the plaintiffs, the goods were sent to the defendants' warehouse on November 8, 1872, and receipted for there by a boy. A bill upon those terms was sent with the goods, but there was no evidence that it was received by either of the defendants, any person authorized to contract for them, or even by the boy who receipted for the goods. This evidence is insufficient to establish the contract claimed by the plaintiffs; and its deficiency is not supplied by proof that two of the cases were examined by the defendants' examiner, that they were in the store where they might have been seen by the defendants, and that one of the defendants did not remember whether these goods were or were not included in the claim made by them upon the insurance companies, the defendants' store with its contents being destroyed in the great fire on the night of November 9, 1872.

Whether, if an executory contract of sale had been proved, there was sufficient evidence of acceptance of the goods to have taken it out of the operation of the statute of frauds, could not now be profitably discussed, as the facts may be differently presented at a subsequent trial. *Exceptions sustained.*