PONTIAC SHOE MANUFACTURING COMPANY V. G. F. HAMILTON.

Decided February 16, 1898.

**1. Sales by Sample.**

Sale by sample contemplates an inspection by the buyer, and opportunity therefor, and implies a warranty that the goods shall be of like quality and character to the samples.

**2. Same—Pleading—Burden of Proof.**

A plea to an action to recover for goods sold, which alleges that the sale was by sample and that the goods did not correspond therewith, and were not accepted but returned, is not a plea in confession and avoidance; and the burden is upon plaintiff to show that the goods corresponded to sample or were acccepted by defendant.

APPEAL from Travis. Tried below before Hon. A. S. WALKER, JR.

*H. L. Davis* and *A. H. Graham,* for appellant.

*John Dowell,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought by the appellant, the Pontiac Shoe Manufacturing Company, against the appellee, G. F. Hamilton, in the Justice Court to recover on an account for the value of certain shoes sold defendant. The account was verified by affidavit.

The case, as appears from an appeal bond to the County Court, was tried in the Justice Court and judgment rendered for defendant. In the County Court the plaintiff amended the statement of the cause of action, declaring on the sworn account amounting to $189 credited with $3.70.

In the Justice Court, defendant filed a sworn denial of the justice of the whole account, and specially answered as follows:

"That said plaintiff, at the date of the alleged purchase of said bill, was a vendor of shoes on the market to retail dealers, and that defendant was a retail dealer, and that a drummer, the agent and representative of plaintiff, called upon defendant to sell to him the number of ladies' shoes as stated in said bill, except the twelve pair of boys Oxford shoes, the same to be first-class in workmanship, material, and finish, being in

every respect first-class shoes, suitable for the retail trade at Austin, where the defendant then did business, and presented to this defendant samples of the kind and character of shoes this defendant was to get, to look at, the said samples being in every respect first class; that defendant, upon this representation and with this the character and kind of shoes he was to get, bought of said plaintiff through their said agent all of the name and pairs of shoes, except the boys' shoes of the value of $13.20, as stated in said account, with the prices as stated therein; this defendant to get first-class shoes as to workmanship, finish, and material, and to be of the value of 25 per cent, in addition and on the price stated in said account; that instead of delivering the shoes as bought, and according to sample shown, the plaintiff intentionally, willfully, and deliberately, and with intent to cheat and swindle defendant, delivered to this defendant shoes greatly inferior in character, both as to material and the workmanship and finish thereof, in this, that said material was different and inferior to the leather in said samples; that the finish on them was very poor and not half as good as that on the samples shown; that in some of the shoes the toes were puckered and showed stitches between the soles, so that said shoes in the market value at said city of Austin were not only not of 25 per cent additional and more than the price sold to this defendant, but were 40 per cent less on said price sold to this defendant at; that on the discovery of the fraud and injustice perpetrated on him this defendant returned to said plaintiff the said shoes and delivered to them the money for the few pair sold, which said money plaintiff received; that for and on account of such, this defendant says that he is not liable for said debt; that said plaintiff has damaged him in the sum of 65 per cent on the price said shoes were sold to him at, being $113.14, in the actual damages, in the difference in market price and purchase price of said shoes, as aforesaid; and that for and because said plaintiff willfully and intentionally, and with the view to cheat and defraud defendant, as aforesaid, delivered and tried to deliver to him greatly inferior shoes to the one sold as aforesaid, that this defendant claims exemplary damages in the sum of $80, and for all of which damages he reconvenes upon plaintiff and asks judgment.

Upon trial in the County Court a verdict was had and judgment rendered for defendant against plaintiff for $80, from which plaintiff has appealed.

It seems that the shoes were sold by the plaintiff by their drummer by samples. The shoes arrived at defendant's place of business while he was absent in New York purchasing goods, and they were received in the store by his clerks, unpacked, exhibited for sale, and some few of them sold, all under the belief that the shoes were a job-lot defendant had bought while East and had shipped them into the house. In about a week after the arrival of the goods, defendant returned, noticed the shoes, and at once discovered their inferior quality, and being ignorant, asked his clerk where the shoes came from, and on ascertaining that

they were the shoes shipped by plaintiff on the bill ordered through plaintiff's drummer, sold by sample, defendant boxed up the shoes, except the few that had been sold, and sent them back to plaintiff, remitting at the same time the money for which the few shoes had been sold, declining to take them upon the ground that they were not the shoes he had purchased, being much inferior in quality. Defendant could not use the shoes in his business, because of their quality.

As soon as defendant discovered that the shoes came from plaintiff and were the shoes bought of plaintiff's drummer by sample, and discovered their inferior quality, all of which became known to him about the same time on his return from New York, he declined to accept them, and immediately returned them to plaintiff, with the price of the few that had been sold.

*Opinion.*—We believe that the evidence shows without contradiction that there was no legal acceptance of the shoes on the part of defendant. As soon as he discovered that the shoes were not of the quality that he had bought, he returned them. The law does not require him to do more. The facts stated are without contradiction, and they raise no imputation of negligence on his part for any delay. He had not accepted the goods, and did not accept them. Newmark on Law of Sales, secs. 260, 261; Gowing v. Knowles, 118 Mass., 232.

Sales by sample contemplate an inspection by the buyer and opportunity to make the inspection. A warranty is implied in sales by sample that the goods shall be of like quality and character of the samples. 2 Schoul. Personal Prop., secs. 359-362; 2 Benj. on Sales, sec. 910, p. 790.

The defense set up by appellee in our opinion is not a plea of confession and avoidance. The plea alleges that plaintiff sold him certain kinds and quality of shoes, but failed to deliver them of the kind and quality corresponding with the samples, and upon discovery of the fraud he returned the shoes to plaintiff.

The uncontradicted evidence shows that the shoes were sold by sample and that defendant did not accept them. The court might well have so instructed the jury. Hence the alleged error of the court's charge, if it be error, that the burden of proof was upon plaintiff to show such fact was harmless.

When it was shown that the sale was by sample, in order to entitle plaintiff to a recovery, it devolved upon it to show that the goods corresponded with the samples or that defendant accepted them, thus waiving his right to reject them, upon the ground of defects in the goods. Railway v. Overall, 82 Texas, 248.

Besides the questions discussed, no other is presented by assignment for our consideration. Finding no error as assigned, the judgment of the lower court is affirmed.

*Affirmed.*