MUELLER v. SIMON. (No. 5517.)

(Court of Civil Appeals of Texas. Austin. Nov. 3, 1915. Rehearing Denied Jan. 26, 1916.)

1. SALES ☞271—SALE BY SAMPLE—WARRANTY—INSPECTION.

Sales by sample imply a warranty that the goods shall be of like quality and character as the samples, and contemplate an inspection by the buyer.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 769–771; Dec. Dig. ☞271.]

2. SALES ☞178 — INSPECTION — "ACCEPTANCE."

The act of a buyer of goods in paying the draft covering the price in order to secure the bill of lading for the shipment from a bank so that he might inspect the goods, was not an "acceptance" thereof, which implies not only the physical act of receiving the goods, but also the intention of retaining them.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 451–455; Dec. Dig. ☞178.

For other definitions, see Words and Phrases, First and Second Series, Acceptance.]

3. SALES ☞390 — REJECTION — RECOVERY OF PRICE PAID.

When goods delivered are not of the character or quality purchased, the purchaser may, upon ascertaining the fact, reject them and recover of the seller, as for money had and received, the price paid in advance, if such is the case.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1109; Dec. Dig. ☞390.]

4. SALES ☞390 — REJECTION — RECOVERY OF PRICE.

Where some of the goods delivered are of the character and quality ordered from sample and others are not, the purchaser may accept those according to the sample and reject the remainder, and recover the purchase price of the remainder, paid in advance, as for money had and received.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1109; Dec. Dig. ☞390.]

5. SALES ☞442—REMEDIES OF BUYER—SUIT FOR DAMAGES.

Where goods sold by sample are delivered in quantity and kind unlike those ordered, the seller may retain them and sue for damages, the difference in the value of the goods delivered and the value of those that should have been delivered.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284–1301; Dec. Dig. ☞442.]

6. PLEADING ☞34 — GENERAL DEMURRER—PRESUMPTION.

As against a general demurrer, every intendment will be indulged in favor of a pleading.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. ☞34.]

7. SALES ☞396—REMEDIES OF BUYER—SUIT TO RECOVER PRICE PAID IN ADVANCE—PETITION.

In an action by the buyer of goods, who had a greater quantity delivered than he had ordered, which also did not conform to sample, to recover, as money had and received, the price which he had paid in advance to secure an opportunity to inspect, plaintiff's petition, not alleging that he rejected the goods, refused to accept them, tendered them back to the seller, or notified him that plaintiff held them subject to his order, was insufficient against general exception.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1134, 1135; Dec. Dig. ☞396.]

8. PLEADING ☞34 — CONSTRUCTION AGAINST PLEADER.

A pleading must be construed most strongly against the pleader.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. ☞34.]

Appeal from Coleman County Court; T. J. White, Special Judge.

Suit by M. Simon against Arthur Mueller. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

J. P. Ledbetter and Snodgrass, Dibrell & Snodgrass, all of Coleman, for appellant. Critz & Woodward, of Coleman, for appellee.

JENKINS, J. Appellee, as plaintiff, sought to recover from appellant the sum of $362.56, the same being the full purchase price paid in advance by appellee to appellant for certain goods, wares, and merchandise, less the value of the portion of said goods for which he allowed appellant credit.

The appellant answered by general exception and special denial of the facts alleged in the petition. Judgment for appellee for the amount sued for.

Appellant's first assignment of error is as follows:

"The court erred in overruling and in not sustaining the second ground of appellant's motion for a new trial, as follows: Because the

court erred in overruling general exception of defendant to plaintiff's amended petition herein, because said petition stated and showed no cause of action against defendants or either of them."

Plaintiff's petition, omitting formal parts, is as follows:

"(2) That heretofore, to wit, on or about the 16th day of July, 1913, plaintiff made a contract of purchase with defendant Arthur Mueller defendant, acting under said firm name of Central Knitting Company by and through his authorized agent, by the terms of which contract plaintiff purchased and agreed to purchase from defendant certain goods, wares, and merchandise, and in reference to said purchase plaintiff had an agreement and understanding and contract with defendant through defendant's said agent, acting for defendant in the premises, by the terms of which defendant represented to plaintiff that said goods would be of certain qualities, makes, construction, color, and sizes, and would be like certain samples then and there shown plaintiff by defendant, as hereinafter stated and referred to.

"(3) That said goods so purchased and agreed to be purchased by plaintiff from defendant were listed and designated in the order given by plaintiff to defendant therefor, and in the bill and invoice rendered by defendant they refer to plaintiff by certain lot numbers and style numbers as hereinafter set out; but that in addition to said designation by said number plaintiff and defendant agreed and contracted that said goods should be of the grade, make, quality, construction, and color of certain samples then and there shown to plaintiff by defendant, and of certain sizes and description then and there stated and agreed upon by and between plaintiff and defendant.

"(4) A copy of said bill and invoice of said goods designating same by said numbers as aforesaid and showing the prices agreed upon for same is hereto attached, and is hereby referred to and marked Exhibit A.

"(5) That the goods shipped by defendant under and in pursuance of said contract were shipped by defendant from the city of New York, state of New York, to plaintiff at Coleman, in Coleman county, Tex., with draft on plaintiff for the sum of $452.50, and that said draft was forwarded and sent by defendant and its agents in the premises to the First Natl. Bank of Coleman, Tex., with bill of lading attached to said draft; said bill of lading to be delivered to plaintiff only upon the payment by plaintiff of said draft in full, which said bill of lading was issued by the transportation company on said goods, and that said goods were delivered by said company and its connecting carriers to the Gulf, Colorado & Santa Fé Railway Company at Coleman, Tex., and was in the hands of said railway company and would be delivered to plaintiff only upon the presentation of said bill of lading, which could only be procured by plaintiff by paying said draft as aforesaid.

"(6) That on or about the 12th day of November 1913, and before the institution of this suit, plaintiff paid the amount of said draft in full to said bank, and received said bill of lading and presented same to the said railway company, and received said goods and at once opened and inspected same.

"(7) That plaintiff had no opportunity to inspect and could not inspect or be allowed to inspect or examine said goods or any part of same without paying said draft in full and procuring said bill of lading, as aforesaid.

"(8) That upon inspection of said goods on said 12th day of November 1913, plaintiff found and discovered and now alleged that the following are the only items of said goods which were ordered or contracted for by plaintiff with or from defendant, and which he agreed to pay defendant for, to wit:

| Lot or style. | Dozen. | Price per Dozen. | Total Price. |
|---|---|---|---|
| 5043 or 504 | 1–3...1 | $10.50 | $ 10.50 |
| 5247 | 2 | 15.50 | 31.00 |
| 505 | 2 | 16.50 | 33.00 |
| 237 | 1 | 27.50 | 27.50 |
| Total | | | $102.00 |
| Less 3 per cent. cash | | | 3.06 |

Balance, amount due defendant $ 98.94

"(9) That the amount paid defendant on said draft was $452.50, as aforesaid, being the sum of $353.56 more than was due by plaintiff to defendant on said goods, according to the agreed price of same.

"(10) Plaintiff further says that he also paid the freight on all the said bill of goods from New York to Coleman, being the sum of $12.25, which amount he was forced to pay before he could receive any of said goods or make an examination and inspection of the same or any part thereof; and that said freight so paid was $9 more than the freight on the above goods actually bought and contracted for by plaintiff.

"(11) That the following items of said bill which were delivered to plaintiff as aforesaid were not ordered by him and were not of the style, qualities, makes, construction, colors, and sizes ordered and contracted for by plaintiff with and from defendant, to wit, all the items shown on said attached exhibit except such as are mentioned above as having been purchased by plaintiff and having been shipped and delivered as purchased; the said goods so shipped and not ordered and not being of the description as purchased as alleged herein being sweaters and sweater coats and similar goods.

"(12) That the amount of said draft as drawn and paid included $25 which was paid cash by plaintiff to defendant at the time of the contract of purchase aforesaid, and that in drawing said draft defendant did not allow for said $25, but collected same again from plaintiff, and that plaintiff did not discover said fact until after he had paid said draft.

"(13) That the said sum of $98.94 and the goods mentioned above in paragraph 8 hereof are and were the only amount ever due by plaintiff to defendant and the only goods ever delivered or shipped by defendant to plaintiff, which plaintiff had agreed to purchase or had contracted for.

"(14) Plaintiff says that by reason of the premises he has paid to plaintiff and to the said First Natl. Bank for plaintiff the said sum of $353.56 more than was due by plaintiff to defendant as aforesaid, and has also paid the said sum of $9 freight on said goods so shipped to plaintiff and not ordered or purchased or agreed to be purchased by him, and that by reason of the premises he has been damaged in the sum of $362.56, and defendant, though often requested to pay the same to plaintiff, has failed and refused and still refuses to pay the same or any part thereof, to plaintiff's damage in said sum of $362.56.

"Wherefore, premises considered, defendant having been duly cited and answered, plaintiff prays the court that he have judgment for the said sum of $362.56, with interest thereon at 6 per cent. per annum from November 12, 1913, and all costs of suit, and for such other and further relief, general and special, as in law and equity he may be justly entitled to."

[1-4] Sales by sample imply a warranty that the goods shall be of like quality and character as the samples, and contemplate an inspection by the buyer. Receiving the goods for the purpose of inspection and in-

specting the same, is not an acceptance thereof. An acceptance implies not only the physical act of receiving the goods, but also the intention of retaining them. When the goods are not of the character or quality purchased, the purchaser may, upon ascertaining said fact, reject them; and where he has paid for them in advance, he may sue the seller as for money had and received. If some of the goods are of the character and quality ordered and others are not, the purchaser may accept the goods that are according to sample and reject the remainder, and in such case, if he has paid the purchase price in advance, he may sue for such remainder as for money had and received. Mfg. Co. v. Hamilton, 18 Tex. Civ. App. 283, 44 S. W. 405; 24 Am. & Eng. Ency. Law, 1156; 27 Cyc. 856; 35 Cyc. 604.

[5-8] It is the contention of appellee that this suit is for money had and received. He might have brought such a suit if he had rejected the goods upon inspection, or he might have retained them and sued for damages, in which case he would have been entitled to recover the difference in the value of the goods delivered and the value of the goods that should have been delivered under the contract. It is not alleged in this case that the goods delivered were worthless, nor that they were worth less than the goods ordered by appellee. If he retained the goods for his own use, this would amount to an acceptance, and his suit should be one for damages. It will be observed that appellee's petition, as above set forth, nowhere alleges that he did not accept the goods which were delivered to him. Had he done so as against a general exception this would have been sufficient to admit evidence that he notified the seller that he rejected the goods, and that he held them subject to his order. As against a general demurrer, every intendment will be indulged in favor of the pleadings; but, after indulging such intendment, it appears from the appellee's petition that he ordered and paid for certain goods, and that appellant sent him from New York, and that he received in Coleman goods of the general character ordered, but not of the specific kind, except as to $98.94 worth thereof. These goods were received in his store at Coleman. What did he do with them? It is not alleged that he rejected them, refused to accept them, or that he tendered them back to the seller or notified him that he held them subject to his order. Such being the case, we cannot infer from his pleading that he did any of these acts. Having given him the benefit of every intendment, the pleading then must be construed most strongly against the pleader; and it must be inferred from the pleading in this case that he did not allege the nonacceptance of the goods for the reason that he could not truthfully do so. Such being the case, the court erred in not sustaining the general exception to appellee's petition, for which reason this case is reversed and remanded for a new trial.

Reversed and remanded.

⚖➛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes