### BAIN v. POLASEK.    (No. 5623.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 23, 1916.)

1. SALES ☞170 — TIME OF DELIVERY — ESSENCE OF CONTRACT.

Where plaintiff agreed to sell cotton for delivery on or about a certain date, and defendant accepted a portion delivered at a subsequent date, the time of delivery was not of the essence of the contract, and failure to deliver on the exact date stipulated did not defeat plaintiff's right to recover for the defendant's refusal to accept the remainder of the cotton.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 424; Dec. Dig. ☞170.]

2. NEW TRIAL ☞99 — NEWLY DISCOVERED TESTIMONY—CHARACTER OF TESTIMONY.

New trial cannot be had on the ground of newly discovered testimony, where the testimony relied upon is immaterial and the same facts had already been testified to, but it must appear that the evidence would, on another trial, produce a different result.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 201, 207; Dec. Dig. ☞99.]

3. DAMAGES ☞189—EVIDENCE—SUFFICIENCY.

Where the plaintiff, who sold cotton to defendant, who refused to accept all of it, testified that he lost a certain sum on account of the defendant's refusal to perform, and the defendant failed to bring out on cross-examination the basis on which such sum was figured, the plaintiff's testimony was a sufficient basis for a judgment for the amount testified to, especially where a simple computation would reveal the amount of loss to be as testified.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 285, 512; Dec. Dig. ☞189.]

Appeal from Karnes County Court; T. B. Smiley, Judge.

Action by R. J. Polasek against J. L. Bain. Judgment for plaintiff, and defendant appeals. Affirmed.

John W. Thames, of Kenedy, for appellant. C. L. Bell, of Karnes City, and Lipscomb & Lipscomb, of San Antonio, for appellee.

FLY, C. J. This is a suit by appellee to recover the sum of $144.10, damages accruing from the breach of a contract entered into with appellant, in which the latter agreed to buy 25 bales of cotton from appellee, but refused to pay for 13 of the bales. There was a trial by jury, resulting in a verdict and judgment for appellee for the amount sued for.

The facts indicate that appellee agreed to sell 25 bales of cotton of certain grades at Kenedy, Tex., on or about August 20, 1914; that appellee delivered the cotton at or about the time agreed upon, but appellant refused to pay for 13 bales, entailing a loss on appellee in the sum found by the jury.

[1] The first assignment of error is overruled. The special charge, whose rejection is complained of in the assignment, made the whole case turn on whether appellee failed to deliver the cotton on August 18th, and whether appellant had notice of when the cotton was delivered at Kenedy. Time was not of the essence of the contract, which is clearly evidenced by the fact that appellant paid for 12 bales of the cotton, and only objected to paying for the remainder because not up to the grade for which he had contracted. The 12 bales were paid for on or about August 22d.

[2] The motion for new trial was properly overruled. The newly discovered testimony was utterly immaterial, and the same facts substantially were sworn to by appellant. It did not matter to whom the cotton was shipped, appellant got 12 bales of it, and could have had the other 13 bales if he had paid for it as he agreed. The only complaint was as to the grade of the cotton, and the newly discovered testimony cast no light on that subject. In order to obtain a new trial on the ground of newly discovered testimony, it must appear that the evidence would, on another trial, produce a different result. It is utterly improbable that the testimony sought in this case would have any effect whatever on the result of another trial. The second assignment of error is overruled.

[3] The third assignment of error is overruled. Appellee swore, and his testimony was not denied or questioned, that he lost $144.10 by the failure of appellant to take his cotton. If appellant desired to know how he arrived at that result, he could have brought it out on the cross-examination, and he failed to do it. That evidence formed a sufficient basis for the judgment. However, it is entirely practicable to ascertain from appellee's evidence that appellant had agreed to pay him 9⅝ cents a pound for the cotton, and that all he got for it was 7½ cents a pound, or a loss of 2⅛ cents a pound, and

---

if the $144.10 be divided by the 2⅛ cents, the result is 6,781 pounds of cotton, the weight alleged in the petition. There is therefore no merit in the contention that, the weight of the cotton not being proved, there was no basis for the judgment.