**SIMMONS COHN & CO. v. WEIL.** (No. 712.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 18, 1922.)

**1. Sales ⬳271—Goods ordered from sample are impliedly warranted to correspond to sample.**

Where sales are made by sample, there is an implied warranty that the goods delivered shall correspond with the sample.

**2. Sales ⬳266—Implied warranty that goods sent shall correspond to order.**

Where goods are ordered by one dealer and sent by another, there is an implied warranty that the goods sent shall correspond to the order and be of the quality described.

**3. Sales ⬳288(5)—Purchaser not obliged to immediately inspect goods prematurely delivered.**

The purchaser accepting goods prematurely delivered *held* under the circumstances not to be bound to inspect them at that time, but to have the right to rely upon the vendors having shipped him goods that in every way complied with his order, so that he was under no obligation to inspect them to see if such was the case, until the time arrived when, according to the contract, they were to have been shipped and received.

**4. Sales ⬳288(5)—Purchaser entitled to reasonable time for inspection.**

While under an executory contract for sale the purchaser may, after receiving the goods, rescind for a breach of warranty if he acts within a reasonable time after discovering defects, he is entitled to a fair opportunity under the circumstances for inspection.

**5. Sales ⬳445(6)—Facts held not to show acceptance of goods prematurely delivered, as matter of law.**

Where a merchant, receiving a shipment of Palm Beach suits in February before they were ordered, assumed that they were according to order, and did not unpack them and discover defects until the time for placing them on sale, when it was intended they should have been delivered, *held*, in view of the fact that they were prematurely delivered, that his acts did not as a matter of law amount to an acceptance of the goods under the contract.

**6. Sales ⬳62—Sale of suits of different kinds held severable contract.**

A sale of 45 suits of five different specified lots is a severable contract under the rule that the sale of different articles at the same time for separate prices is a severable contract.

**7. Sales ⬳180(1)—Purchaser not obliged to select all the acceptable suits of a lot, but may reject whole for noncompliance with contract.**

A purchaser of 45 suits of five different lots may, upon discovering that part of them are not as ordered, retain all of one lot that is acceptable, and return all of the others, though there are some suits among them that are as ordered; he not being obligated to cull out of each lot the good suits.

**8. Sales ⬳441(1)—Evidence held to support finding that nonacceptable goods were returned within a reasonable time.**

Evidence *held* to support a finding that suits prematurely delivered, and not inspected until the time when they should have been delivered, when it is shown that they were nonacceptable and returned, were returned within a reasonable time.

Appeal from Orange County Court; D. C. Bland, Judge.

Action by Simmons Cohn & Co., against Felix Weil. Judgment for plaintiff for less than amount claimed, and he appeals. Affirmed.

Holland & Holland, of Orange, for appellant.

E. L. Bruce, of Orange, for appellee.

O'QUINN, J. Appellant sued appellee to recover $447.50, the price of 45 suits of men's clothes, ordered by appellee of appellant and by them shipped to him, 36 of which suits appellee refused to receive and pay for, on the grounds that they were not of the kind, quality, sizes, or workmanship ordered. The case was tried before a jury upon special issues, upon the answers to which judgment was rendered in favor of appellant for $85.50, and that each party pay one-half of the costs, from which judgment appellant appeals.

Appellant's first assignment of error is that "the court erred in refusing to give special charge No. 1, asked by plaintiff," which was for a peremptory instruction in appel-

lant's favor. By its first proposition under said assignment appellant asserts that—

"It is the duty of a purchaser of goods under an executory contract upon delivery to him to promptly inspect the same, and if found defective either reject the same and rescind, or accept them and abide by the contract."

As an abstract proposition, this is unquestionably the law. The evidence shows that appellant's traveling salesman called on appellee on November 12, 1918, and exhibited samples of Palm Beach goods to appellee, who selected and ordered 45 suits for March, 1919, delivery; that on January 21, 1919, appellant shipped that number of suits by freight to appellee, same purporting to be the suits ordered by appellee; that said shipment was delivered to appellee on February 7, 1919; that upon delivery appellee opened the box in which they were shipped, but, finding its contents to be summer goods, and the same having not been ordered to arrive at that time, laid same aside without inspection. On March 30, 1919, appellee opened said shipment, intending to place said goods on sale, and discovered that in only one lot, lot No. 5226, consisting of 9 suits, were all of the suits in every respect the goods as ordered by him; that in each of the other lots some of the suits were objectionable, in that they were either not of the sizes ordered, or the lot numbers ordered, or were not of the same pattern (that is shade or color) ordered, or were shopworn or moth-eaten, or of inferior workmanship; that appellee thereupon placed said suits not acceptable back in the original box in which they were shipped, and on April 2, 1919, wrote appellant that the goods, with the exception of lot No. 5226, 9 suits, were not as ordered by him, notified the express company to call for said box, and on April 15, 1919, returned to appellant by express said suits, except the said 9 suits in lot No. 5226, which he accepted, and for which, before the filing of this suit, he remitted to appellant payment in full, which appellant refused to accept and returned to appellee. Appellant also refused to receive the goods returned.

The court submitted to the jury two special issues, to wit:

"Special issue No. 1: Was the merchandise in question such as ordered by defendant?"

To which they answered "No."

"Special issue No. 2: Did the defendant return said merchandise to plaintiff within a reasonable time from the time he received them?"

To which they answered "Yes."

The undisputed evidence, according to the agreed statement of facts, shows that some of the suits were not in accordance with the order given. There were five different kinds of goods—lot numbers—with a specified number of suits of each. The order was given for March delivery, 1919. As no date in March was named, delivery at any time in that month would have been a compliance, so far as delivery was concerned. Although the goods were not to be shipped until March, appellant shipped same in January, and they reached appellee on February 7th, far in advance of the time contracted. Upon their being delivered to him, appellee opened the box, and, seeing that it contained summer goods, and not having ordered them to be shipped until March, and it not being seasonable for them at that time, he, without taking them out of the box for inspection, placed them aside until March 30th, and then opened the box, intending to put them in his stock for sale, and found that only one lot, No. 5226, was in accord with his order. These he accepted, placed the others back in the box in which they were shipped, and three days later notified appellant that they were not acceptable by reason of not being such goods as he had ordered.

[1-3] Where sales are made by sample, there is an implied warranty that the goods delivered shall correspond with the sample. Also, where goods are ordered by one dealer and sent by another, there is an implied warranty that the goods sent shall correspond to the order and be of the quality described. Brantley v. Thomas, 22 Tex. 271, 73 Am. Dec. 264; Keeler v. Palus Mfg. Co., 43 Tex. Civ. App. 555, 96 S. W. 1097; Shoe Co. v. Hamilton, 18 Tex. Civ. App. 283, 44 S. W. 405; 27 L. R. A. (N. S.) 922. Appellee was not under any obligation to receive the goods at the time they reached him, and we do not believe, under the circumstances, was bound to inspect them at that time, but that he had the right to rely upon appellant's having shipped him goods that in every way complied with his order, and hence was not under any obligation to open up and inspect them to see if such was the case, until the time arrived when, according to contract, they were to have been shipped and received.

[4, 5] While it is elementary that where, under an executory contract for the delivery of personal property, if the property delivered is not such as the contract calls for, the purchaser may rescind for breach of warranty if he acts within a reasonable time after discovering the defects by giving notice to the seller and tendering back the property, if it be not worthless, still, he is entitled to have a reasonable and fair opportunity, under all the circumstances surrounding the transaction, for inspecting the goods and thus determining for himself whether they are according to contract, and what is a reasonable time in which to do this is a question of fact for the jury. C. Aultman & Co. v. York, 71 Tex. 263, 9 S. W. 127; Boehringer v. Richards Medicine Co., 9 Tex. Civ. App. 284, 29 S. W. 511; Pontiac Shoe Mfg. Co. v. Hamilton, 18 Tex. Civ. App. 283, 44 S. W. 405; Mueller v. Simon (Tex. Civ. App.) 183 S. W. 63; Brantley v. Thomas, 22 Tex.

271, 73 Am. Dec. 264; Scalf v. Tomkins, 61 Tex. 481; Andrews v. Hensler, 6 Wall. 254, 18 L. Ed. 737; Gay Oil Co. v. Roach, 93 Ark. 454, 125 S. W. 122, 27 L. R. A. (N. S.) 918, 137 Am. St. Rep. 95. We do not believe that appellee's receiving the goods and opening the box and finding that they were summer goods, not ordered to be received and displayed at that time, and putting them away without inspecting them until such time as they were ordered to be shipped and received, and then taking them out for the purpose of placing them on sale, and finding that they were not as ordered, amounted to an acceptance of same as a matter of law. Planters' Oil Co. v. Whitesboro Oil Co. (Tex. Civ. App.) 146 S. W. 225.

[6] Appellant's second proposition is that—

"The acceptance of a part of a shipment of merchandise, bought under an entire purchase and delivered at the same time, constitutes an acceptance of the whole."

Appellant insists that the contract of purchase was an entire contract, and that, as appellee accepted a part of the goods, lot 5226, 9 suits, he must be held to have accepted the whole shipment. As a general rule, a purchaser under a contract that is entire cannot accept in part and reject in part, but must either accept as a whole or reject as a whole. But was the contract in the instant case an entire contract, or was it severable? Appellee's order for the merchandise was in writing and stipulated the following: Lot No. 1633, 10 suits at $9.50 each; lot No. 5226, 9 suits at $9.50 each; lot No. 1697, 9 suits at $9.50 each; lot No. 5605, 9 suits at $9.50 each; and lot No. 7687, 8 suits at $12.00 each. The general rule of law is that, upon the sale of different articles at the same time for separate prices, the contract is severable, unless the acts of the parties or the nature of the subject-matter renders it necessary to consider the whole sale as an entire transaction. The contract here, therefore, is severable and not entire. There is nothing in its terms that indicate that it was the intention of the parties that it should be regarded as an entire contract. Streeper v. Frieberg, 3 Wilson, Civ. Cas. Ct. App. § 240; Smith v. Crosby, 47 Tex. 121; Costigan v. Hawkins, 22 Wis. 74, 94 Am. Dec. 583.

[7] Appellant's third contention is that appellee, having purchased from appellant a number of men's suits, some of which were not in compliance with his purchase, cannot accept a part of those that did comply with the order and reject others, but must either accept all that did comply with the order or reject all. Under the peculiar facts of this case, we do not think the contention is well taken. In the agreed statement of facts we find this paragraph:

"On March 30, 1919, the defendant opened said shipment, intending to put same in his store for sale, and discovered that in only one lot, the same being lot No. 5226, consisting of 9 suits, of the value of $85.50, were all of the suits in every respect as ordered by him. In none of the rest of the lots were all of the suits in all respects in accordance with the goods ordered, in that in each lot some of the suits were subject to the objection either that they were not of the size ordered, or not of the lot numbers ordered, or were not all of the same pattern (that is, shade and color), or were shopworn or moth-eaten, or of inferior workmanship."

So it appears that in lot 5226 all of the suits of that lot were as ordered, and these appellee accepted and tendered payment to appellant, which was refused. The suits in the other lots were not all as ordered, but some of them in each lot were, for various reasons, admitted to be not the goods ordered. But appellant insists that if appellee intended to accept lot 5226, all of which were acceptable, he should have gone through the other lots and culled out such suits as were in compliance with his order and have accepted them. We do not think so. We do not believe that it was the duty of appellee to have gone through the lot numbers and have searched for and culled out the suits that were as ordered and have kept and paid for them. It was the duty of appellant, and part of his undertaking, under the contract, to fill the order for each lot with the kind of goods called for in the contract, and to have placed them together—each lot constituting a unit to itself—in the sale and shipment. Each lot was entire within itself.

What we have said disposes of appellant's fourth proposition.

[8] Appellant's second assignment complains that the answer of the jury to question No. 2 is contrary to the law, against the great preponderance of the evidence, and without any legal evidence to support it. The question submitted in special issue No. 2 was:

"Did the defendant return said merchandise to plaintiff within a reasonable time from the time he received them?"

The jury answered that he did. In discussing appellant's first proposition, we have already held that, under the peculiar facts of this case, appellant acted within a reasonable time; hence we believe that the evidence fully supports the jury's finding.

Appellant's third assignment asserts that the answer of the jury to special issue No. 1 is contrary to law, against the great preponderance of the evidence, and without any legal evidence to support it. Under this assignment, appellant submits the proposition that—

"Where the undisputed evidence shows that the goods were in part as ordered, a finding that the goods were not as ordered is not supported by the evidence."

We think it clear that the issue submitted to the jury the question of whether or not the goods that appellee refused to accept were as ordered, and that the jury so understood and by their verdict so found. Appellant brought his suit upon an open account. Appellee answered under oath that, with the exception of lot No. 5226, the other suits were not such as he ordered, and tendered into court payment for the 9 suits of lot No. 5226, which he had kept as satisfactory, and for which he had remitted to appellant before the filing of this suit, and which remittance appellant had refused to accept and had returned to appellee. Appellant, in its supplemental petition, answering appellee's defense, pleaded, denied all the allegations of appellee. The whole case was tried, as we view the record, as to the liability of appellee for the goods refused to be received by him, and as to the truth of his allegations that they were not according to contract, and that was the question the jury answered. The evidence all went to show that the contest was over the question of whether or not the suits in the lots other than lot 5226 were or were not as ordered, and whether they were inspected, rejected, and returned to appellant within a reasonable time. We do not think there was any confusion in the minds of the jury as to the issue they were answering, and we think the evidence fully supports their finding.

Believing that no error is shown, and that the judgment should be affirmed, it is accordingly so ordered.

Affirmed.