**SILBERSTEIN v. RADIO CAP CO.**

No. 9014.

Court of Civil Appeals of Texas. Austin.

June 25, 1941.

Rehearing Denied July 16, 1941.

280

Harris & Harris, of Austin, for appellant.

Jack Sparks and Hart & Brown, both of Austin, for appellee.

BLAIR, Justice.

Suit by appellee, Radio Cap Company, against appellant, Jake Silberstein, on sworn account for $312.20, the purchase price of certain hats and caps shipped by appellee to appellant. The trial on special issues resulted in judgment for appellee; hence this appeal.

The evidence showed that on January 6, 1937, appellant ordered from appellee 60 dozen hats and caps of various sizes and patterns, which order was accepted, and on March 15, 1937, appellee shipped the merchandise, except 5 dozen hats and caps, to appellant, which 5 dozen hats and caps are not involved in this suit. The invoice recited, "balance to follow." On March 16, 1937, appellant wrote appellee to "kindly cancel all orders on hand for me for reason I am quitting business." Appellee refused to cancel the order, on the ground that it contained "no cancellation" clause. Appellant then accepted the shipment of merchandise, but after examination returned it to the transportation company, contending that it was not as ordered because of poor assortment of sizes and patterns, etc. Appellee refused to accept the merchandise from the transportation company, which later sold it for transportation and storage costs.

Appellant first contends that his motion for an instructed verdict should have been granted, because the nonshipment of 5 dozen hats and caps constituted a breach of the contract by appellee. This is not sustained. Appellee only sued for the price of the merchandise actually shipped to appellant. It was not shown that the contract called for delivery of all the merchandise ordered at one time, nor that appellee breached the contract by not shipping all the merchandise at one time. The written order called for hats and caps of different patterns, sizes, and colors, and constituted a severable contract. 10 Tex.Jur. 325. Appellant did not reject the shipment because the entire order was not shipped at one time, and never at any time prior to his redelivery of the merchandise to the transportation company contended that the contract had been breached because 5 dozen of the hats and caps had not been delivered; and he thereby acquiesced in or waived the delayed delivery of the balance of the merchandise. Bain v. Polasek, Tex.Civ.App., 184 S.W. 279. And having himself defaulted in the performance of the contract by refusing to accept the merchandise, which the jury found conformed to his order, he could not set up the fact that appellee thereafter failed to deliver the 5 dozen remaining hats and caps to relieve himself of liability for the merchandise shipped, and which he wrongfully refused to accept. Mathews v. Caldwell, Tex.Com. App., 258 S.W. 810; Whittenburg v. Groves, Tex.Com.App., 208 S.W. 901; Simmons Cohn & Co. v. Weil, Tex.Civ. App., 244 S.W. 562.

Appellant next contends that the jury finding that the merchandise shipped to appellant substantially corresponded in size, shape and shade with the order therefor, is not supported by the evidence. Appellee's owner and its sales manager testified that they inspected the merchandise before shipment and delivery, and that it conformed to the order. This evidence sustains the jury's finding.

It is next contended that there was a fatal conflict in the jury's findings, because it found by Issue No. 1 that the shipment complied with the order, and found by Issue No. 3 that "a part of said shipment substantially complied with the order." Having found in answer to Issue No. 1 that the entire shipment to appellant complied with his order, we are unable to see how a finding in answer to Issue No. 3, that a part of the merchandise complied with the order, standing alone, presents a conflict. The jury necessarily decided that if all of the goods complied with the order that a part of them also complied with the order. The trial court could have so construed the two findings, and in the absence of showing on the part of appellant that such construction is erroneous or unreasonable, the construction must stand. Texas Indemnity Ins. Co. v. Bridges, Tex.Civ.App., 52 S.W.2d 1075; Texas Employers' Ins. Ass'n v. White, Tex. Civ.App., 97 S.W.2d 960. In any event, the sole disputed issue in the case was whether the merchandise complied with

the order; and the jury found in answer to Issue No. 1 that it did. Just why Issue No. 3 was submitted is not clear, because appellant admitted that a part of the merchandise complied with the order. Apparently Issue No. 3 was submitted in connection with Issue No. 4, whereby the jury found that appellant offered to take the goods which complied with the order, pay the market value therefor, and return the remainder to appellee. But these issues were merely evidentiary of an ultimate fact, and no judgment could be rendered upon them, because neither the amount nor the value of such goods was shown, and no issue as to the amount or value of such goods was requested or submitted to the jury.

■ It is further contended that the answers to Issues Nos. 4, 5 and 6 showed, when considered as a whole, that the jury intended to find for appellant. In answer to these issues the jury found in substance that Silberstein offered to accept the goods which complied with the order, and to return the goods which did not so comply; that he and his saleslady discussed the matter with appellee after March 23, 1937; and that he offered to display to appellee the goods which did not conform with the order. These issues related to evidentiary matters, and not to the ultimate issue of whether the goods shipped complied with the order, and in consequence no judgment could have been rendered on such issues. Ratcliffe v. Ormsby, Tex.Civ.App., 298 S.W. 930. Nor are such issues in conflict with the finding that the goods shipped did comply with the order, because as above stated these matters were merely evidentiary, and the jury necessarily decided that if all the goods complied with the order that a part of them also complied with it; which fact appellant admitted.

The several other propositions complaining of these and similar matters are for the same reasons overruled without discussion.

■ The remaining proposition complains that the statement of counsel for appellee to the jury to the effect that he would make an affidavit upon the statement of "a reputable client, but would not do it for Jake Silberstein," was highly prejudicial. No motion was made to direct the jury to disregard this statement, and it was not of such highly prejudicial nature as to require a reversal of the case. Counsel necessarily have the right to express an opinion as to the credibility of an opposing witness, which was the effect of counsel's statement in the instant case. Southern Underwriters v. Weddle, Tex.Civ.App., 118 S.W.2d 1008.

The judgment of the trial court is affirmed.

Affirmed.