## UNIVERSAL LIFE INS. CO. v. WALLACE.

### No. 14181.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 28, 1941.

Rehearing Denied April 11, 1941.

W. J. Durham, of Sherman, for appellant.

Martin & Martin, of Wichita Falls, for appellee.

BROWN, Justice.

The appellee, Annie Wallace, was the beneficiary in a policy of life insurance that was issued by appellant, Universal Life Insurance Company, on the life of one Will Bell, appellee being a niece of the insured.

Will Bell left the City of Wichita Falls, Texas, some time after the policy was written, in the year 1932, and before October, 1933, when he was killed in the town of Altus, Oklahoma, and was buried under the name of Henry Wilson.

Appellee continued to pay the premiums due on the policy of insurance until some time after April, 1939, when, after efforts on her part to locate the insured, she learned he was killed in October, 1933, at Altus, Oklahoma, and was buried under a different name, as stated above.

Appellee claims that she endeavored to obtain blanks from the agent of appellant so that she could make proof of the death of the insured; that these were promised but not given to her, and she employed attorneys who attended to such matter, and not having been paid the amount of the policy, to-wit, $240, she brought suit in November, 1939.

In her pleading she alleges why she did not and could not sooner furnish proof of death and make claim under the policy, and alleged that she continued to pay and the Insurance Company continued to accept the premiums due upon the policy until she learned, after much inquiry and effort, that her uncle was dead. She alleged that she is an inexperienced negro woman.

In the alternative she alleged that, if the person who was killed in Altus, Oklahoma, was in fact not the insured, then she was entitled to recover under the policy because the insured had been missing and unaccounted for, for more than seven (7) years.

She prayed for the amount payable on the face of the contract, together with the sum of $72, premiums paid by her and accepted by the Insurance Company after Bell's death, and for twelve per cent (12%) damages and attorney's fees, and for general and special relief, in law and in equity.

Strange to say, the appellant—Insurance Company—pleaded a general demurrer, two special exceptions—one being leveled at certain allegations in the petition, and the other raising the issue of limitation of four (4) years—and a general denial of each and every allegation in the petition and a demand for strict proof of same, and specially pleaded that the cause of action was barred by the limitation period of four years.

We observe here that the Insurance Company neither tendered nor offered to repay the premiums it had collected for all these years after Bell's death—which premiums were paid by the beneficiary and received by the insurer under a mutual mistake of fact, to-wit, that the insured was still alive.

The cause was tried to a jury, and on special issues the jury found that Bell was killed at Altus, Oklahoma, October 29th, 1933; that plaintiff, by the use of ordinary diligence, could not have learned of Bell's death prior to October 29th, 1937; and could not have made proof of death prior to such last named date. The other findings are not material to the conclusions reached by us.

No objections were made to the court's charge. The insurer moved for an instructed verdict, on the theory of her claim being barred by the four years statute of limitations; and moved for judgment notwithstanding the verdict.

The trial court rendered judgment for the plaintiff in the sum of $312, being $240, the face of the policy, and $72 in premiums paid after the insured's death.

The defendant made a motion for a new trial, and upon its being overruled, gave notice of appeal.

The appellant brings forward a brief in which the assignments of error are attacked by appellee, and with merit.

■ The first assignment urges that, "the trial court erred in rendering judgment for the plaintiff for the reason that the same is without any evidence to support judgment." The objection to consideration of this assignment of error is well taken. 3 Tex. Juri. par. 600, page 860; same volume, par. 607, pages 869 to 872, and many cases cited.

■ The second asserts that, "the judgment of the trial court is not supported by the evidence and pleadings, and is therefore erroneous." This assignment of error cannot be considered. See authorities cited.

■ The third assignment of error asserts: "Because the verdict of the jury and the charge of the court, save and except as to Special Issue 1, is not supported by any pleading, and the trial court committed foundamental (fundamental) error in submitting special issues #2 and #3 in the court's main charge to the jury for the reason that no pleadings were on file raising such issues, and no evidence was submitted to support such issue, and the judgment of the court is grounded upon such issue, and the same not having been raised by the pleadings." There are several reasons why this assignment of error cannot be considered.

It is distinctly multifarious; it is such as is condemned by the authorities we have cited, being too general; and it does not point out fundamental error.

No objection was made to the charge. All objections were therefore waived, and the appellant is confined to assignments of error attacking the findings of the jury as to each separate issue attacked on the theory that each finding has no support in the evidence. This was not done.

■ The fourth assignment of error complains because the trial court refused to give the defendant an instructed verdict, on the theory that the plaintiff's cause of action was barred by the statute of limitations of four years. Art. 5527, Vernon's Rev.Civil Statutes. There is no merit in the contention, under the facts of this case.

The contract specifically provides that the beneficiary will be paid the benefits provided for "upon receipt of proofs of death of the insured made upon forms furnished by the company in the manner and to the extent required by the company; and upon surrender of the policy and the premium receipt book", and the contract further provides that when these prerequisites have been complied with, "all the contents of proofs of death shall be evidence of the facts therein stated in behalf of, *but not against the company*", and further provides that the beneficiary may not bring suit on the contract until sixty days after these prerequisites have been complied with.

Lile v. Sovereign Camp, W.O.W.,Tex. Civ.App., 100 S.W.2d 1033, in which a writ of error was dismissed, is squarely in point here. The Supreme Court had potential jurisdiction of the Lile case and we follow the holding of the Court of Civil Appeals for the Fifth District.

■ The fifth assignment of error complaining of the refusal of the trial court to grant appellant's motion for judgment notwithstanding the verdict is likewise overruled.

■ The sixth assignment of error complains of argument of plaintiff's counsel. The argument, which is found in the motion for a new trial, but which does not appear in any bill of exceptions, is: "The defendant has interposed the plea of limitation to defeat this claim; the defendant knows that this poor woman used all the diligence that a prudent person would have used. They are trying to get you to say that she didn't use such diligence under special issues #2 and #3, that was done for the purpose of defeating this claim and they know it."

Error predicated upon the argument of counsel must be presented by a bill of exceptions. None appears in the record and there is nothing for us to review.

But the assignment of error discloses on its face that there is no merit in it. It complains at the failure of the trial court to grant appellant's motion for a mistrial because of the argument quoted, and it asserts that "the injury done by such argument was of such a nature that an instruction by the court *did not cure the error,* etc." (Italics ours).

We differ with appellant. We believe there is no error in the argument, and if there is error, we further believe that it could be cured by proper action in the trial court.

Finding no error, the judgment is affirmed.