PAULINE COMBOW, Appellant, v. KANSAS CITY GROUND INVESTMENT COMPANY, a Corporation, Respondent.—No. 41150.—218 S. W. (2d) 539.

Division One, February 14, 1949.

Rehearing Denied, March 14, 1949.

*Walter W. Calvin* for appellant.

*David R. Hardy, Sam B. Sebree* and *Sebree, Shook, Hardy & Hunter* for respondent.

[539] CLARK, J.—Plaintiff sued, in tort, for damages for personal injuries caused by a fall of plaster upon her from the ceiling of the living room of a house which she and her husband had recently purchased from defendant. At the close of all the evidence the trial court sustained defendant's motion for directed verdict and rendered judgment for defendant. Plaintiff appeals.

Some time in June or July, 1946, respondent's agent began negotiations with appellant and her husband to sell them an old house which was then being remodeled. Appellant and her husband viewed the house a few times from the outside and by looking through the widows while workmen were remodeling the interior. Later, respondent's agent on two or three occasions showed them through the house and they inspected it both inside and out.

On July 13, 1946, a contract to sell the property to appellant and her husband was executed and they paid a portion of the down payment required. About two weeks later they were given a key to the house, but told they could not move in until the deal was completed. On August 12 appellant and her husband completed the down payment and executed a deed of trust and respondent executed and delivered a warranty deed conveying the property to them. At the same time respondent gave the purchasers a written statement guaranteeing that a gas furnace [540] would be installed as soon as available, plumbing would be in operating condition and labor and materials

bills in connection with remodeling the house had been or would be paid. The evidence is not entirely clear as to the exact date when appellant and her husband moved in, but it was at least six days before the fall of plaster which injured appellant. After appellant was injured she and her husband employed an attorney to try to effect a settlement. Respondent denied liability, but agreed to and did plaster and paper the ceiling of the living room and clean a rug which had been damaged.

So far there is no conflict in the evidence. There is a dispute as to whether respondent, in remodeling the house, plastered the ceiling of the living room. Respondent's evidence is that no work was done on the ceiling. Appellant furnished some evidence that at least some of the plaster was off the ceiling before the contract of sale was executed and that it had been plastered and papered when appellant and her husband moved in. In view of the nature of this suit we regard that question of fact as unimportant.

Appellant, over respondent's objection, testified that before the contract of sale was executed respondent's agent said, ". . . anything that needs to be done, they will see that they are fixed right." The trial judge indicated that he didn't believe this evidence admissible, stating to appellant's counsel "You are bound by your contract." Appellant's counsel stated that the evidence was offered to show the inducement for the contract, but the suit was in tort and not on the contract. We also regard this evidence as immaterial, for any prior negotiations were merged in the contract of sale and the only warranty which survived related to the installation of plumbing, a gas furnace and the payment of bills. Besides the suit is not based upon fraudulent representations or warranty.

To support her claim that the trial court erred in directing a verdict for respondent, appellant advances two contentions which we copy from her brief: (1) "The breach of defendant's duty, under its contract, to properly and skillfully recondition and rehabilitate the dwelling house in question; and the personal injuries which plaintiff sustained in consequence of such breach, give rise to the action in tort, upon which this cause is founded; . . ." (2) "Since, under the allegations of plaintiff's petition, and the testimony adduced in support thereof, the doctrine of res ipsa loquitur became, and was, applicable; . . ."

In support of her first contention, appellant cites the following: 38 American Jurisprudence, Section 20, page 661; 52 American Jurisprudence, Sections 26 and 27, page 378, et seq; Graff v. Lemp Brewing Company, 130 Mo. App. 618, 109 S. W. 1044; Ellyson v. Missouri Power & Light Company, (Mo. App.) 59 S. W. (2d) 714; Lowery v. Kansas City, 337 Mo. 47, 85 S. W. (2d) 104; Hull v. Gillioz, 334 Mo. 1227, 130 S. W. (2d) 623; Mitchell v. Health Culture Company, 349 Mo. 475, 162 S. W. (2d) 233; Donovan v. Kansas

City, 352 Mo. 430, 175. S. W. (2d) 874; Helm v. Inter-Insurance Exchange, 354 Mo. 935, 192 S. W. (2d) 417, 167 A. L. R. 238; Tuttle v. Gilbert Manufacturing Company, 145 Mass. 169, 13 N. E. 465; Montgomery Ward & Co. v. Scharrenbeck, (Tex.) 204 S. W. (2d) 508, 1. c. 510; Munger v. Equitable Life Society, (C. C. A. 8) 2 Fed. Supp. 914; Standard Accident Ins. Co. v. Pennsylvania Car Co., 63 Fed. (2d) 444; Peitzman v. City of Illmo, (C. C. A. 8) 141 Fed. (2d) 956.

Some of the authorities cited contain abstract statements about as follows: ordinarily a breach of contract is not a tort, but a contract may create a duty the negligent performance, or negligent non-performance, of which may give rise to an action in tort. None of them holds that a mere contract of sale of real estate will create such a duty. No case cited by appellant involved a suit by a purchaser against a seller of real estate. In Graff v. Lemp Brewing Co., supra, a tenant was permitted to recover in tort for personal injuries allegedly due to a breach by the landlord of a covenant to repair. That case has been criticized by the same court, [Dailey v. Vogl, 187 Mo. App. 261, 173 S. W. 707] and, in effect, overruled by this court. [Kohnle v. Paxton, 268 Mo. 463, 188 S. W. [541] 155.] In Mathews v. Galbraithe, (Mo. App.) 238 S. W. 554, the St. Louis Court of Appeals held that a tenant, injured by a fall of plaster, could not maintain an action in tort against the landlord for failure to perform a covenant to repair. We have held that a landlord who voluntarily repairs the premises of his tenant and does so negligently may be liable in tort. [Bartlett v. Taylor, 351 Mo. 1060, 174 S. W. (2d) 844 and cases cited.] But that is not the question here.

Appellant's first contention is based upon an erroneous assumption that it was respondent's "duty, under its contract, to properly and skillfully recondition and rehabilitate the dwelling house in question." The pleadings and proof do not support that assumption. The contract of sale did not obligate respondent to make any repairs and contained no warranty as to the condition of the house. Respondent had made certain repairs while it yet owned the house and before appellant or her husband had any interest in it. Certainly respondent was then under no duty to appellant. At the time appellant was injured the contract of sale had been fully performed and the only contract or agreement then existing between the parties was respondent's written assurance that a gas furnace would be installed, plumbing would be put in operating condition and labor and material bills paid. That was the only warranty in respect to the condition of the house which appellant or her husband demanded and, of course, that had no part in causing appellant's injury.

It seems to be well settled in this state and other jurisdictions that, absent an express agreement to the contrary, a seller of real estate cannot be held liable for defective condition of the premises. [Lang-

don v. Green, 49 Mo. 363; Smith v. Tucker, 151 Tenn. 347, 270 S. W. 66, 41 A. L. R. 830; Palmore v. Morris Co., 182 Pa. 82, 37 Atl. 995; Slavitz v. Morris Park Estates, 162 N. Y. Supp. 888, 98 Misc. 314; Upp v. Darner, 150 Iowa 403, 130 N. W. 409, 32 L. R. A. (N. S.) 743.]

We quote from Smith v. Tucker, supra, 41 A. L. R., l. c. 836:

"Whatever may be the reason, no case can be found in the books where the vendor has been held liable in damages to the vendee, or to third persons, for personal injuries arising from defects in the premises. Whether this be on the grounds of public policy, or because the rule of caveat emptor governs, and no warranty will be implied [Williston on Contracts, Vol. 2, § 926] or whether it be because the precedent negotiations are supplanted by the deed when the vendee receives it [27 R. C. L. 529], or whether the reason is to be found in the fact that delivery of the deed practically terminates the relation of vendor and purchaser, whereas the relation of landlord and tenant is a continuing one, or whether such damages are not supposed to be within the reasonable contemplation of the parties—whatever be the reason, the fact remains."

Appellant cannot rely upon the rule, announced in some of the landlord and tenant cases, that a landlord who gratuitously makes repairs is liable for negligence in doing so. The relation of landlord and tenant is a continuing one, while that of seller and purchaser ceases upon the closing of the contract of sale. If respondent had warranted the condition of the house, or had undertaken to repair the ceiling of the living room *after* appellant acquired title, we would have a different question to consider.

Appellant's remaining point is that she made a case of actionable negligence under the res ipsa loquitur rule. The res ipsa doctrine cannot apply to the facts of this case. When the plaster fell the actual possession, the control and right of control of the premises were in appellant and her husband. The fall of the plaster, without more, did not tend to prove that the injury was due to the negligence of someone who had formerly had control [the respondent], nor did it tend to exclude the idea that the injury may have been due to some cause with which respondent was not connected. "In order for the doctrine res ipsa loquitur to apply it must be shown that the instrumentality causing the injury was at the time under the exclusive control of the defendant." [Wiedanz v. May Dept. [542] Stores, (Mo. App.) 156 S. W. (2d) 44; Estes v. Estes, (Mo. App.) 127 S. W. (2d) 78; Grindstaff v. Goldberg Co., 328 Mo. 72, 40 S. W. (2d) 702.]

There is no evidence that respondent warranted the premises to be free from defects; or that it fraudulently concealed defects or prevented full inspection by appellant, or even that it knew of the defect which caused appellant's injury; or, since the res ipsa doctrine

940

does not apply, that such defect was caused by respondent's negligence. Under such circumstances we would establish a dangerous precedent to permit recovery.

The judgment is *affirmed.* All concur.