**OWL TRADING CO., Inc. v. UNITED APPLIANCE CO.**

No. 12362.

Court of Civil Appeals of Texas. Galveston.

Feb. 7, 1952.

Rehearing Denied Feb. 28, 1952.

Ross, Banks & May, George B. Banks, R. B. Cron, David L. May, of Houston, for appellant.

Ralph Balasco, of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellant, Owl Trading Company, Inc., for the re-

covery of the purchase price of certain goods, alleged to have been purchased by appellee, United Appliance Company, from appellant.

Appellee answered by a sworn denial and by an allegation that the order for the merchandise in question was not placed under its authority. In the alternative appellee plead that the merchandise received from appellant was not the same merchandise and was not the quality of merchandise for which plaintiff sought payment, and that the goods received were substitutes and were seconds in quality.

In a trial before a jury, appellee's motion for an instructed verdict was sustained on the grounds that the uncontroverted evidence showed that the goods received were inspected by appellee and found to be not the goods ordered and that the goods were different from the samples shown to appellee by appellant when the order for the goods was taken and that the goods were of a different and inferior quality from the goods ordered. All of the merchandise received by appellee was returned to appellant.

Appellant contends that the trial court erred in instructing a verdict for appellee for the alleged reason that appellee neither plead nor proved the type or quality of merchandise ordered and that there was a conflict in the evidence offered by appellant and by appellee on the question of the quality of the merchandise delivered.

This action was brought on a sworn account. In the trial court appellant did not except to appellee's alternative pleading, in which it alleged that the merchandise ordered was not the same quality of merchandise for which appellant sought payment, and did not object to the introduction of testimony of appellant's witness, Joe Simon, who had ordered the goods in question for appellee. He testified that the merchandise delivered to appellee was not the same as the samples shown to him by the Owl Trading Company, Inc., and that the goods delivered were inferior in quality to the samples from which he had ordered.

It is undisputed that at no time prior to the announcement by the trial court of the judgment rendered was any objection made by appellant to the said alternative pleading or to the evidence introduced by appellee.

In the case of Texas Osage Co-op. Royalty Pool v. Kemper, 170 S.W.2d 849, 852, this Court held that, "Rule No. 90 of the Texas Rules of Civil Procedure indicates an intent on the part of the rule makers and the State legislature to simplify our trial procedure by providing that defects of form or substance in a pleading will be deemed to have been waived where they have not been raised by exception or objection in the trial court. Said Rule No. 90 reads:

" 'General demurrers shall not be used. Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge of the trial court before the instruction or charge to the jury or, in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered.' "

■ Since appellant in the case at bar did not, prior to the rendition of the judgment complained of, attempt to secure the action of the trial court upon the alleged defect in pleading or evidence adduced, either as to form or substance, they clearly waived their right on appeal to question the sufficiency of the allegation under said Rule No. 90, Texas Rules of Civil Procedure.

Further, Rule 67, Texas Rules of Civil Procedure provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.

In the case of Ogden v. LeSueur, Tex. Civ.App., 236 S.W.2d 872, no objections were made as to the sufficiency of appellants' pleadings or to the introduction of evidence because it was not supported by

pleadings. The court held that the issue of insufficiency of the pleading cannot be made for the first time in an appellate court. Citing Rules of Civil Procedure, 67 and 90; 24 Tex.Jur. 315, Sec. 253; Lasater v. Bagley, Tex.Civ.App., 217 S.W.2d 687, error refused; Luman v. Luman, Tex.Civ. App., 231 S.W.2d 555.

In this case appellant's witness, Joe Simon, testified that he was working for appellee at the time the goods were received, that he saw them opened and that the shipment was not in good shape when it arrived, and that the merchandise delivered to appellee was inferior in quality to the samples from which he ordered.

■ It is well settled in this State that a buyer is entitled to inspect goods tendered him by the seller in order to determine whether they correspond in kind, quality and condition or quantity to samples shown the buyer when seller took buyer's order, Commissioner of Internal Revenue v. East Coast Oil Co., 5 Cir., 85 F.2d 322, certiorari refused, Helvering v. East Coast Oil Co., 299 U.S. 608, 57 S.Ct. 234, 81 L.Ed. 449; 37 Tex.Jur. 391, and that a buyer has an absolute right to reject goods found by an inspection at the place of destination not to conform to samples previously shown him or his agent. 37 Tex.Jur. 407; Simmons Cohn & Co. v. Weil, Tex.Civ.App., 244 S.W. 562.

■ Under the above authorities, we think that the trial court properly instructed the jury to render judgment in favor of appellee in this case and that the judgment rendered was based on the pleadings and evidence.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.