**D. E. COZART, Appellant,**

v.

**MILLS & EXPORTS COMPANY, Appellee.**

No. 12800.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 9, 1955.

Elbert R. Jandt, Seguin, for appellant.

Joseph B. Dibrell, Seguin, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Mills and Exports Company against D. E. Cozart, doing business as Cozart Engineering and Construction, seeking to recover the sum of $765, as the value of certain pipe which plaintiff had purchased from defendant and paid for, but which had not been made available to it.

The trial was to the court without the intervention of a jury and resulted in judgment for plaintiff in the amount sued for, from which judgment D. E. Cozart has prosecuted this appeal.

The trial court, upon the request of appellant, made and filed his findings of fact, as follows:

"1. On the 20th day of February, 1951, plaintiff and defendant entered into a written contract whereby plaintiff purchased certain merchandise as set forth in said contract for the sum of $35,558.45.

"2. That on said date the plaintiff paid the defendant the sum of $30,000.00.

"3. That on the 10th day of March, 1951, plaintiff paid to defendant the sum of $5,558.45, the balance owed on such purchase.

"4. That under the terms of such agreement plaintiff was given forty-five days free storage of such merchandise on the premises occupied by defendant.

"5. That subsequent to sale of such merchandise, it was agreed by and between plaintiff and defendant that defendant could deliver 144' of 1¼ PE Pipe, 66' of ¾" PE Pipe, and 20' of ¾" XX Pipe in lieu of certain pipe specified in the original order;

"6. That when plaintiff began to remove said merchandise from such premises occupied by defendant as his place of business, defendant failed to deliver to plaintiff the following items of merchandise, to-wit: 500' of 4" PE Pipe; 66' of 6" PE Pipe; 354' of 2" T & C Pipe; 60' of 3" PE Pipe; 144' of 1¼ PE Pipe; 66' of ¾" PE Pipe; and 20' of ¾" XX Pipe;

"7. That defendant by and through his employees removed the pipe described in paragraph No. 5 hereof from said premises.

"8. That defendant by removing such pipe from the premises failed to make available in defendant's yard the pipe as agreed by and between the parties.

"9. That the reasonable market value of such pipe which was not delivered to plaintiff under such agreements was $765.20.

"10. That plaintiff was damaged by the failure of the defendant to deliver such merchandise in the sum of $765.20."

Appellant's first point is that the facts proved and found by the Court were not sustained by the pleadings.

Rule 45, Texas Rules of Civil Procedure, provides, among other things, that "all pleadings shall be so construed as to do substantial justice." M. W. Fruit Co. v. Bierbauer, Tex.Civ.App., 216 S.W.2d 831.

Rule 47, T.R.C.P., provides, in effect, that a pleadng shall be regarded as sufficient if it gives fair notice of the claim involved.

Rule 90, T.R.C.P., provides as follows:

"General demurrers shall not be used. Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered." See, Douglass v. McLure, Tex.Civ.App., 254 S.W.2d 876.

Rule 66, T.R.C.P., provides as follows:

"If evidence is objected to at the trial on the ground that it is not within the issues made by the pleading, or if during the trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits. The court may grant a postponement to enable the objecting party to meet such evidence."

Appellant does not show that he objected to the testimony when offered, because it was not with reference to an issue made by the pleadings. Under the provisions of the above rules he waived his right to now contend that the facts proved were not supported by the pleadings. Elard v. Chiara, Tex.Civ.App., 252 S.W.2d 991.

Appellant next contends that the representation by appellee of not knowing when and how the pipe was removed from appellant's yard was such a misrepresentation in his pleadings as to require the trial court to grant him a new trial. This point is directed to the following allegation in the petition: "At some time prior to plaintiff's removal of such merchandise from defendant's yard or while the plaintiff was in the process of removing such merchandise from the defendant's storage yard, the exact time being unknown to the plaintiff * * *." It was shown on the trial that the pipe was removed by a supposed agent of appellant, and an employee of appellant fixed the date at some time in the latter part of July or the first part of August. Again appellant made no objection to the evidence when it was offered, as being contrary to the pleadings, and, under our liberal construction of pleadings as provided for by the above rules, he also waived the objection he is here presenting.

All of appellant's assignments of error have been considered by us and, being without merit, are overruled. The judgment is affirmed.