also, Davis v. State, 2 Tex.App. 184, and Thornberry v. State, 3 Tex.App. 36.

Without such allegation, the jurisdiction of the court has not been invoked. It is impossible from this information to know in what court this. prosecution was begun and instituted.

It is apparent, here, that the trial court was not shown to have jurisdiction to try this cause or to enter the judgment of conviction.

The information being fundamentally defective, this conviction should be set aside and the prosecution ordered dismissed.

**GOLDEN STATE MUTUAL LIFE INSUR-ANCE COMPANY, Appellant,**

**v.**

**George HAYES, Jr., Appellee.**

**No. 3438.**

Court of Civil Appeals of Texas.

Waco.

March 21, 1957.

Rehearing Denied April 18, 1957.

W. J. Durham, Dallas, for appellant.

Yarborough, Yarborough & Johnson, Dallas, for appellee.

TIREY, Justice.

Appellee brought this suit against appellant to recover under policy of insurance for disability resulting from an accident alleged to have occurred to him on July 4, 1952. Absent the burden of proof clause, the court submitted the cause to the jury substantially in the following manner:

1. Do you find that plaintiff sustained, directly and independently of all other causes, bodily injuries on July 4, 1952? Answer: Yes.

2. Do you find that such bodily injuries were effected solely through accidental means? Answer: Yes.

3. Do you find that plaintiff was totally and continuously disabled within 20 days from the date of said accident and continuously prevented from performing any and every kind of duty pertaining to his occupation? Answer: Yes.

4. Do you find that defendant's agent Morgan told plaintiff that the defendant was not going to pay his claim? Answer: Yes.

5. Do you find that plaintiff's disability resulted solely from a gunshot wound sustained on July 4, 1952? Answer: Yes.

6. What do you find to be the period of time, after July 4, 1952, that plaintiff has been totally and continuously disabled from performing any and every kind of duty pertaining to his occupation? Answer: 44 months.

7. Do you find that plaintiff submitted affirmative proof of his disability to the defendant at its office within 90 days after the termination of the period for which plaintiff claims the defendant is liable under the policy of insurance sued upon by plaintiff? Answer: Yes.

8. Do you find that the disability of plaintiff is not the result of paralysis? Answer: It was not the result of paralysis.

9. Do you find that the disability of plaintiff was not contributed to or caused by the plaintiff while attempting to make an assault upon Willis Lee Jackson with the intent then and there to kill Jackson? Answer: It was not contributed to or caused by plaintiff while attempting to make an assault upon Jackson with the intent then and there to kill the said Jackson.

10. Do you find that the disability suffered by the plaintiff was not the result of an act of the plaintiff while he was under the influence of intoxicating liquor? Answer: It was not the result of an act of the plaintiff while he was under the influence of intoxicating liquor.

11 and 12. That the sum of $1000.00 would be a reasonable attorney's fee for the services of attorney for prosecuting this cause in the trial court, and that a further fee of $500.00 would be reasonable for prosecuting the cause in the Court of Civil Appeals.

It is our view that the court's charge submitted all of the issues tendered by the pleadings and the evidence.

The policy sued on provided in part:

"Hereby Insures the person named as Insured in the Schedule on the last page hereof, and of the Occupation and Class shown therein, against loss resulting directly and independently of all other causes from bodily injuries sustained

during the term of this policy and effected solely through accidental means,. herein called 'such injuries'; and against loss of time resulting from sickness contracted and beginning after thirty days from Issue Date, herein called 'such sickness,' subject to the provisions, conditions and limitations herein contained. This policy is issued in consideration of the payment of $1.00 policy fee and the first Monthly Premium and its term is one calendar month from the Date of Issue beginning and ending at 12:01 A.M. Standard Time at the place where the Insured resides. This Policy may be renewed with the consent of the Company, for like terms by the payment of the Monthly Premium, the acceptance of which is at the option of the Company. A grace period of thirty-one days shall be granted for the payment of every premium after the first, during which time the insurance hereunder shall continue in force. * * *

"(a) Total Disability. The Monthly Indemnity will be paid for the period, not exceeding twelve consecutive months, if 'such injuries' shall totally and continuously disable the Insured, within twenty days from the date of the accident and continuously prevent him from performing any and every kind of duty pertaining to his occupation, and if during such period the Insured is under the professional care of and regularly attended by a licensed physician, surgeon, osteopath or chiropractor, other than himself. After the payment of Monthly Indemnity for twelve months, as aforesaid, should the Insured be prevented by 'such injuries' from engaging in any and every occupation or employment for wage or profit, the Monthly Indemnity will be paid, while the Insured continues so prevented from engaging in any occupation or employment, for an additional period, not exceeding four years."

The court overruled defendant's motion for judgment non obstante veredicto and granted plaintiff's motion for judgment, and in the decree we find substantially this recital: The court finds that plaintiff is entitled to recover the principal sum of $1,980, with 6% interest thereon, in the sum of $222.89 up to March 19, 1956; that plaintiff is entitled to recover a 12% penalty in the sum of $237.60, plus a reasonable attorney's fee in the trial court of $1,000 and an additional attorney's fee of $500 in the event of an appeal to the Court of Civil Appeals, and decreed accordingly. The court further decreed that the judgment entered herein would be without prejudice to any right which plaintiff might have to bring subsequent suits for any continuing disability after February 5, 1956, by reason of the accident herein sued on.

Defendant seasonably filed its motion for new trial, and, it being overruled, perfected its appeal to the Dallas Court of Civil Appeals, and the cause is here by transfer order of our Supreme Court.

The decree entered is assailed on what appellant designates as 15 points. Appellant's first 12 points are substantially to the effect that the court erred (1 and 2) in overruling its motion for judgment non obstante veredicto, because appellee's pleadings did not allege any disability to appellee under the terms of the policy; (3) in submitting in its charge to the jury a new and different cause of action from that pleaded by appellee; (4 and 5) in overruling its exceptions to Issue No. 1, because such issue was not based upon any pleadings, nor was such issue tendered by the evidence; (6 and 7) in overruling its exceptions to Issue No. 2, because appellee pleaded disability as the result of an accidental injury and offered evidence of an accidental injury, and the court thereby assumed and submitted to the jury a different cause of action from the cause of action alleged and proved by appellee; (8) in failing to sustain its exceptions to Issue No. 3, because the trial court assumed,

against the undisputed facts and without any pleadings, that the injuries and disability of the appellee were covered by the terms of the policy; (9) in overruling its exceptions to Issue No. 4, because the policy of insurance did not insure against disability as the result of accidental injuries, and therefore the court, by the submission of said issue, submitted the terms of a new and different contract of insurance from that declared upon by appellee; (10) in overruling its exceptions to the definition of "accidental means," because said definition was not based upon any issue raised by the pleadings, and the same was a submission of a new and different cause of action from that pleaded by appellee; and (11 and 12) in overruling its exceptions to Issue No. 6, because such issue was outside the scope of the pleadings and submitted to the jury a new and different cause of action than the cause of action pleaded by appellee, and because there were no pleadings and legal evidence showing any liability on the part of appellant under the terms of the policy sued on. Appellant has briefed the foregoing points together and we will deal with them accordingly.

Appellee went to trial on his third amended original petition and his supplemental petition. Going back to appellee's third amended original petition, we find that he alleged substantially that appellant was a corporation incorporated under the laws of the State of California, and that it has a permit to do business in Texas; that defendant is engaged in the general life, health and accident insurance business, and was so engaged on February 13, 1950, and on all of said dates thereafter; that on February 13, 1950 defendant issued and delivered to plaintiff its disability policy No. 500735003, insuring plaintiff against disability resulting from accident and sickness, as well as other benefits; that plaintiff paid the original premium on said policy up to and including July 4, 1952, at which time plaintiff sustained accidental injury which totally and continuously disabled him from the date he sustained same until the time of the filing of this suit and will thereafter totally and continuously disable him for the balance of his natural life; that after 12 months from the date of said injuries plaintiff has been and will be continuously and permanently prevented by such injuries from engaging in any and every occupation or employment for wage or profit, and that the policy was in full force and effect at the time plaintiff sustained said injuries, and all notices and proofs of loss required by said policy were furnished to defendant, but defendant failed and refused to pay same; that no exceptions or provisions in the policy prevented plaintiff from recovering for his disability, which said disability resulted from an accident and injury, and that all of the provisions of the policy have been fulfilled and complied with, and that no exception exists which would defeat plaintiff's claim for the benefits due him; that the policy provides for a monthly indemnity of $45 during the time that plaintiff has been disabled, from July 4, 1952 to February 4, 1956, which has matured in the sum of $1,980, which plaintiff is entitled to recover of and from the defendant; that plaintiff reserves the right to sue for further disability benefits accruing after February 4, 1956, until plaintiff has received benefits for 60 months; that his injuries were sustained when he was shot without provocation by assailant; that the shooting resulted in serious injury to his spine, back and spinal cord and resulted in his becoming bedfast and unable to do any work or labor of any kind or character or earn any money in any occupation whatsoever; that the condition resulting from said injuries is permanent in character and plaintiff will remain in said condition for the balance of his natural life; that plaintiff made written demand through his attorneys upon the defendant for payment of the benefits due him under said policy, and defendant failed and refused to pay same, and he sued specifically to recover a 12% penalty, interest, and attorney's fees, and prayed accordingly.

Appellant went to trial on its fourth amended answer. There are no special exceptions in this answer. It consists only of a general denial and special defenses it asserts under the terms of the policy.

■ In appellee's brief we find this statement: "The gist of the complaint raised by appellant in its first twelve points is that plaintiff's pleadings are insufficient to support the judgment. It being appellant's contention that plaintiff alleged an accidental injury which caused his disability and the policy requiring that his disability be from injuries through accidental means. In other words, because appellee did not use the words 'accidental means' in his petition, appellant says he should not be permitted to recover." We think the foregoing summarizes appellant's contentions. As we have previously stated, there were no exceptions to appellee's pleading, nor did appellant file any plea or pleas in abatement. It is well settled that "In the absence of special exception the petition will be liberally construed in the pleader's favor and to support the judgment." See Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 515, 141 A.L.R. 50 (Com.App., opinion adopted), points 1 and 2, and cases there cited. See also Rule 90, Texas Rules of Civil Procedure. In the case of Cozart v. Mills & Exports Co., Tex.Civ.App., 275 S.W.2d 705, 706 (no writ history) we find this statement: "Appellant does not show that he objected to the testimony when offered, because it was not with reference to an issue made by the pleadings. Under the provisions of the above rules he waived his right to now contend that the facts proved were not supported by the pleadings." See also Rules 45, 47, 66 and 90, T.R.C.P. The foregoing statement is peculiarly applicable to the factual situation here. See also Texas Osage Co-op. Royalty Pool v. Kemper, Tex.Civ.App., 170 S.W.2d 849 (writ ref.)

It follows from what we have said that we are of the view that appellant's failure to file special exceptions in this case and to

object to the testimony tendered and assign error thereon forecloses each of the matters raised in its first twelve points.

■ Appellant's 13th point is to the effect that the court erred in overruling its exceptions to Issue No. 5 in the court's charge, because appellee introduced no evidence of the authority of Morgan to reject appellee's claim, and that such issue was without any evidence or pleadings to sustain the same. Evidently appellant is confused in this assignment. Issue No. 4 was to the effect: Do you find that defendant's agent Morgan told plaintiff that the defendant was not going to pay his claim? The jury answered: "Yes." Issue No. 5 was to the effect: Do you find that plaintiff's disability resulted solely from a gunshot wound sustained on July 4, 1956? The jury answered: "Yes". Chester A. Beverly testified that he was Manager of the Golden State Mutual Life Insurance Company; that the policy had been issued and delivered to plaintiff, and that all premiums had been paid. He also testified that he had denied liability and had refused to pay on this policy. We quote a part of his testimony: " * * * You have steadfastly from the beginning refused to pay him on it, have you not? * * * A. That's right." Beverly further testified to the effect that the claim had been denied, and that if appellee proved that he was not in a fight when he got the gunshot wound that he would be entitled to get his money; that Morgan paid all of the claims, and that he was head man over Morgan, and that the claim was not turned down on the basis that appellee was not disabled. We see no merit whatsoever in appellant's point 13 and it is overruled.

Appellant's 14th and 15th points are substantially that the court erred in failing to sustain its exceptions to Issue No. 11, because appellee alleged that the appellant was incorporated under the laws of the State of California, but failed to allege the character and nature of such corporation, and by reason thereof he failed to allege that appellant was that character of corporation

**152**

under the laws of Texas that is liable for attorney's fees and statutory penalties for failure to pay insurance claims under policies of insurance issued by appellant.

Going back to our discussion of appellant's points 1 to 12, inclusive, we find what we have said there is applicable to points 14 and 15, and it is not necessary to comment further thereon.

■ As a reviewing court it is our duty to consider the evidence and the inferences properly to be drawn therefrom in the light most favorable to the party obtaining the verdict, and it is our duty in considering controverted issues of fact to accept as true that testimony which tends to support the verdict. 3–B Tex.Jur. pp. 370 and 372. Moreover, "Where the facts are controverted, or are such that different inferences may be reasonably drawn therefrom, an issue of fact is raised; it is only where the evidence is harmonious and consistent, and the circumstances permit of but one conclusion, that the question becomes one of law for the determination of the court. An issue of fact is raised 'if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff.'" (Citing cases) See Olds v. Traylor, Tex.Civ.App., 180 S.W.2d 511, 514, points 8 and 9, writ ref. Moreover, " 'It was the jury's province to weigh all of the evidence, to decide what credence should be given to the whole or to any part of the testimony of each witness. "The jury were the judges not only of the facts proved, but of the inferences to be drawn therefrom, provided such inferences were not unreasonable." ' ". See Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, at page 199, point 6. No rule is better settled than the one to the effect that if there is evidence of probative value to sustain the findings of the jury, the appellate court is bound by such findings. See Lynch v. McLendon, Tex.Civ.App., 283 S.W.2d 88, point 3 (no writ history) and cases there collated. However, there is another rule to the effect that where an assignment is made that the evidence is insufficient to support the findings of the jury, or that such a verdict is so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly unjust, the cause should be reversed and remanded by reason thereof, as explained by our Supreme Court In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. (However, the doctrine last above stated is not invoked by appellant in this cause.) Moreover, we think the evidence tendered is ample to sustain each of the findings of the jury.

Accordingly, the judgment of the trial court is in all things affirmed.