**PLEASANT GROVE BUILDERS, INC.,**
Appellant,

v.

Thomas C. PHILLIPS et ux., Appellees.

No. 15940.

Court of Civil Appeals of Texas.

Dallas.

Feb. 23, 1962.

Rehearing Denied March 23, 1962.

Jack Keller, Dallas, for appellant.

Esir Tobolowsky and E. D. Hurt, Dallas,. for appellees.

DIXON, Chief Justice.

Appellees Thomas C. Phillips and wife Billie Jean Phillips sued appellant Pleasant Grove Builders, Inc., for damages, for fraud under Art. 4004, Vernon's Ann.Civ. St., and in the alternative for damages for breach of implied obligation and implied warranty in the sale of real estate.

Appellees purchased a house from appellant through Ralph Lyles, a real estate broker. They allege that Lyles falsely represented that the house was constructed with good workmanship and good materials, which representations induced them to sign a written contract for the purchase of the property, the sale afterwards being consummated pursuant to said contract. Lyles is not a party to appellees' suit.

The consideration paid by appellees was $12,700 as follows: the transfer to appellant of equities then owned by appellees in two pieces of real estate at an agreed value of $2,200; the execution by appellees of a first lien note in the amount of $9,000 payable to Guaranty Federal Sav-

ings & Loan Association, the proceeds of which loan were paid to appellant; and the execution by appellees of a second lien note in the amount of $1,500 payable to appellant.

Appellees further allege that after they had moved into the house and had occupied it for some time they discovered defects which showed that it had not been constructed with good workmanship and good materials. Their petition and the testimony offered in their behalf describe these defects in great detail.

In connection with their suit under Art. 4004, V.A.C.S. appellees pled that the reasonable cash market value of the property as represented was $12,700, and that the actual value of the property as delivered was $9,936.72, a difference of $2,763.28.

In connection with their alternative plea of failure of implied obligation and implied warranty, appellees alleged that the reasonable cost of remedying the defects was $2,763.28.

A jury returned a verdict finding that (1) Ralph Lyles had represented to appellees that the house had been constructed with good workmanship and good materials, (2) which representation was material, (3) was false, (4) was made for the purpose of inducing appellees to purchase the house, (5) was believed and relied on by appellees, (6) otherwise they would not have signed the contract to purchase, but (7) Lyles in making the representations had not acted wilfully.

The jury further found that the reasonable cash market value of the house as represented was $12,000, the actual value as delivered was $10,000; the premises were defective at the time of delivery; and the reasonable cost of remedying the defects was $2,000.

Based on the jury verdict judgment was rendered in favor of appellees for $2,000.

■ In its first and second points on appeal appellant asserts that (1) the judgment is not supported by the evidence and, (2) the judgment is contrary to the law. Both points are too general to be entitled to our consideration. Phillips v. Le Gallez, Tex.Civ.App., 329 S.W.2d 922; Redman v. Cooper, Tex.Civ.App., 160 S.W.2d 318, 319; Universal Life Ins. Co. v. Wallace, Tex.Civ.App., 149 S.W.2d 662. Therefore we shall make no holding with reference to the first and second points.

Appellant's third, fourth, fifth, sixth, seventh, eighth, ninth, twelfth, thirteenth and fourteenth points in substance assert that (3) there was no issue submitted to the jury on the question of agency of Lyles and it was improper for the trial judge to make an implied finding of agency; (4) there was no evidence connecting appellant directly or indirectly with any representations made by Lyles; (5) there is no evidence or finding of the jury that appellant had any knowledge of any representations with reference to good workmanship and good material, or that appellant in any way condoned or ratified said representations; (6) there is no evidence or finding of the jury that appellant or any of its legally qualified officers made any such representations; (7) as a matter of law a real estate salesman such as Lyles has no implied or apparent authority to bind the owner by making the alleged representations; (8) the alleged representations of Ralph Lyles were mere sales talk; (9) the rule of caveat emptor should apply because appellees had bought and sold other houses and should have ascertained the defects in the house which were open and obvious; (12) there is no evidence or finding by the jury that Lyles had apparent authority to make the representations in question; (13) there was no evidence that appellees relied on any act or representations of Pleasant Grove Builders and (14) there was no issue submitted as to how and in what manner the alleged representations made by Ralph Lyles were false.

The undisputed evidence shows that Lyles was acting as agent for appellant, but with the limited authority of a real estate

broker. Since the fact of the limited agency was conclusively established by the evidence, there was no need to submit an issue to the jury on the subject. Appellant's third point is overruled.

Appellee Phillips testified that while out driving in his automobile looking at property he and his wife saw the house in controversy. In the front yard they saw a sign of a real estate agent, Lyles, advertising the house for sale. They knew Lyles, having previously bought real estate through him. The house was open so appellees went inside, inspected the house and liked it; thereafter they communicated with Lyles and entered into negotiations which led to their signing the contract to purchase. Some time later the deal was consummated by the transfer of the property to appellees in consideration of which they executed the first and second lien notes and transferred to appellant their equities in two pieces of real estate then owned by appellees.

Lyles claimed no authority to act for appellant in any other capacity than as a real estate broker. There is no evidence that he had expressed or implied authority to bind appellant by the representations in question. When appellees informed Lyles of their desire to transfer to appellant their two equities in other properties as down payment on the purchase price, Lyles told them he would have to take the matter up with "Ted", who turned out to be Ted Frossart, Vice-President of appellant. The written contract signed by appellees, a printed form with blank spaces to be filled in, has places for the signature of the purchaser and seller and the agent, it contains no express warranty.

■ The facts in this case are strikingly similar to those in the case of Loma Vista Development Co. v. Johnson, 142 Tex. 686, 180 S.W.2d 922. In that case our Supreme Court held that a real estate broker in the absence of a particular agreement enlarging his authority, is only a special agent who has no authority to bind his principal

by representations. His authority is limited to finding a purchaser ready, able and willing to buy on terms acceptable to the seller. It was held expressly that the seller, under such circumstances, is not liable under Art. 4004, V.A.C.S. We think such holding must control our decision here. Accordingly appellant's fourth, fifth, sixth, seventh, eighth, twelfth, thirteenth and fourteenth points are sustained insofar as they relate to appellees' cause of action based on Art. 4004, V.A.C.S. Appellant's ninth point is overruled.

There remains the question whether the judgment against appellant should be affirmed under appellees' alternative plea and the jury's findings in connection with appellees' allegations of a breach by appellant of its "implied obligation and/or implied warranty" that the house in question had been constructed and finished with good workmanship and good materials.

The jury found that the premises were defective at the time the property was delivered to appellees, and the reasonable cost of remedying and correcting the defects to be $2,000.

In the case of Loma Vista Development Co. v. Johnson, supra, our Supreme Court states that the holding there in favor of the defendant is not unjust or harsh from the standpoint of the buyer because (1) he has a cause of action for damages for fraud against the real estate broker who makes the fraudulent representations; and (2) he has at least two remedies against the seller: (a) he may sue to rescind the contract, or (b) he may recoup his damages or prevent recovery by the vendor of the purchase price, on the ground of failure of consideration.

In the instant case the real estate agent is not a party; only appellant as seller was a party defendant. Further, appellees, as buyers did not sue to rescind the contract or to prevent recovery by the vendor of the purchase price. Their alternative plea seeks only to recoup their damages from appellant as seller.

With reference to appellees' alternative plea, appellant contends that appellees neither pled nor proved a cause of action based on failure of consideration, therefore, appellees are not entitled to recover on that theory. Also appellant contends that there is no such thing as implied obligation or implied warranty between a seller and a buyer in the sale of real estate with completed improvements thereon as distinguished from a construction contract between an owner and a contractor, consequently appellees are not entitled to recover under their alternative plea.

In support of its contention appellant cites and quotes from cases and authorities holding that, though the principle of implied warranty is applicable to the sale of personal property, it is not applicable to the sale of real estate. See Levy, et ux. v. C. Young Construction Co., 46 N.J.Super. 293, 134 A.2d 717 and cases therein cited; Combow v. Kansas City Ground Investment Co., 358 Mo. 934, 218 S.W.2d 539, 8 A.L.R.2d 213 and cases therein cited; 4 Williston, Contracts (Rev.Ed.1936) § 926, p. 2602; 2 Restatement, Contracts, § 413, p. 778; 55 Am.Jur. § 368, p. 795. Appellant also cites cases holding that all agreements contained in a contract of the sale of real estate are merged into the deed itself, hence we must look only to the deed itself in this case, which deed contains no warranties other than as to title.

We deem it unnecessary for us either to agree or disagree with appellant's contentions as above set out for the reason that we believe they are immaterial here. Appellees in their supplemental brief point out that appellant, so far as the record shows, did not, either during the trial or in its motion for new trial, except or object to the pleadings of appellees; did not file a motion for instructed verdict; did not object to the court's charge or any of the issues submitted to the jury; and did not file a motion for judgment non obstante veredicto. Further, appellant has not on appeal brought forward any objections to the evidence; and has not filed any point on appeal claiming that any finding of the jury is not supported by the evidence, or that the jury verdict is excessive, or that the verdict is contrary to the preponderance of the evidence.

█ In reaching our decision we have been guided by certain well established rules of a law. It has been held that generally a challenge to the sufficiency of the pleadings may not be raised for the first time on appeal. Fireman's Fund Ins. Co. v. McDaniel, Tex.Civ.App., 327 S.W.2d 358, 375; Strickland Transport Co. v. Kool Kooshion Mfg. Co., Tex.Civ.App., 230 S.W.2d 277; Scott v. Doggett, Tex.Civ.App., 226 S.W.2d 183; Owl Trading Co. v. United Appliance Co., Tex.Civ.App., 246 S.W.2d 342; Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562; 3 Tex.Jur.2d 387, 389; Rule 90 Texas Rules of Civil Procedure. When issues not raised by the pleadings are tried by implied consent of the parties, they will be treated as raised by the pleading. Rule 67 T.R.C.P. Failure to object to the submission of an issue to the jury precludes a party from objecting on appeal, or on motion for new trial that the issue was not raised by the pleadings. Cozart v. Mills & Exports Co., Tex.Civ.App., 275 S.W.2d 705; Minugh v. Royal Crown Bottling Co., Tex.Civ.App., 267 S.W.2d 861; Lewis v. Reichel, Tex. Civ.App., 256 S.W.2d 216; Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562. In the absence of proper objection one may not complain on appeal of errors in the charge on the measure of damages. Lloyds America v. Payne, et al., Tex.Civ.App., 85 S.W.2d 794; Iowa Mfg. Co. v. Baldwin, et al., Tex. Civ.App., 82 S.W.2d 994, 999; Parks v. Hines, Tex.Civ.App., 68 S.W.2d 364, 368; Rule 274, T.R.C.P.

█ We believe that the above principles are applicable to the particular circumstances of this case. Therefore, we overrule appellant's fourth, fifth, sixth, seventh, eighth, twelfth, thirteenth and fourteenth points insofar as they relate to appellees' alternative cause of action.

In its tenth point on appeal appellant claims to have discovered new evidence to the effect that there were no structural defects in the foundation and brick walls of the house. Attached to appellant's motion for new trial are photographs taken after the trial. This evidence is merely cumulative of other evidence offered by appellant at the time. No good reason is shown why this "new evidence" could not have been discovered before the trial by the exercise of diligence. Certainly we see no abuse of discretion by the trial court in this connection in refusing to grant a new trial. Texas Employers Ins. Ass'n v. Pillow, Tex.Civ. App., 268 S.W.2d 716, 720; 31 Tex.Jur. 90–93. Appellant's tenth point is overruled.

Appellant complains in its eleventh point because the court allowed appellees a recovery of $96 because appellant failed to furnish appellees with a title policy to the property. It is appellant's position that (1) appellees have not shown any damage resulting from the failure to furnish a title policy and cannot show any damage until there has been a failure of title; and (2) the terms of the contract of sale have been merged into the deed to appellees, which deed is silent as to a title policy. Appellant did pay for a mortgage policy and claims this was adequate performance of its obligation to furnish a title policy to appellees.

We see no merit in appellant's position. The evidence showed that the cost of a title policy was $96. It is undisputed that appellant agreed in the written contract of sale to furnish a title policy. It is undisputed that it did not so do. It is further undisputed that appellees paid $100 as closing costs, $82 of which was used to pay for a mortgage policy. We find no testimony that appellees waived the furnishing by appellant of a title policy. Under the circumstances here presented the agreement to furnish a title policy must be considered as a separate agreement, not superseded by the deed and properly not included in the deed. Ewing v. McGee, Tex.Civ.App., 314 S.W.2d 158, 159; Johnson v. Elmen, 94 Tex. 168, 59 S.W. 253, 52 L.R.A. 162; Bates v. Lefforge, Tex.Com.App., 63 S.W.2d 360, 363; 1 Restatement, Contracts, § 240 (1) (b) p. 335. Appellant's eleventh point is overruled.

In its fifteenth point appellant asserts that if the court did not err with reference to the reasons specifically stated, it did err in overruling collectively the reasons and errors pointed out in appellant's amended motion for new trial. The point is without merit and it is overruled.

The judgment of the trial court, as based on appellees' alternative plea, is affirmed.

WILLIAMS, J., not sitting.