Lisa **FORD**, a Minor, et al.,
Plaintiffs-Appellants,

v.

**GOFFSTEIN REALTY, INC.**, et al.,
Defendants-Respondents.

No. 47357.

Missouri Court of Appeals,
Eastern District.

May 22, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1984.

Case Transferred to Supreme Court Sept. 19, 1984.

Case Retransferred to Court of Appeals April 12, 1985.

Original Opinion Reinstated April 16, 1985.

**196**

Richard Alan Cooper, Whalen, Murphy, Reid, Davis, Garvin & Tobben, St. Louis, for plaintiffs-appellants.

Robert C. Ely, St. Louis, for defendants-respondents.

KAROHL, Presiding Judge.

Plaintiffs-appellants, Lisa, Jacqualine, and Nicole Ford, appeal dismissal of their petition for personal injuries for failure to state a cause of action.

Plaintiffs are the minor children of Renny and Myrtle Ford. The injuries alleged are the result of lead poisoning from ingestion of lead based paint. The petition alleges that defendant Fugeger was the owner of a dwelling house located in the city of St. Louis and that defendant Goffstein Realty Inc. was engaged in the business of selling real estate and was acting as the duly authorized and appointed agent of defendant Fugeger. Plaintiffs' parents purchased a house from defendant Fugeger.

It is difficult to discern the legal theory on which plaintiffs rely. The petition alleges negligence (defendants knew or should have known of the presence of lead based paint and negligently concealed and failed to correct or warn); misrepresentation (defendants assured plaintiffs the premises were safe and habitable); nuisance (maintaining and permitting occupancy of premises with the known hazard and in violation of city ordinances); a tort derived from violation of city ordinances prohibiting an *owner* from use of lead-bearing substances

and permitting occupancy of dwelling units not in compliance; and intentional tort (defendants applied the lead-bearing paint to the house knowing both the danger and that existing ordinances prohibited its use).

The trial court dismissed the petition for failure to state a cause of action finding that the ordinances pled do not apply to a claim made by a purchaser against a former owner or manager of real estate where the injuries claimed occurred after the sale of the real estate. In addition, the motion to dismiss was granted because there is no common law cause of action for purchasers of real estate for personal injuries occurring after the sale of real estate arising out of a condition of the premises at the time of sale.

■ In determining the sufficiency of a petition challenged by a motion to dismiss we give the petition its broadest intendment, treat all facts alleged as true, and construe the allegations favorably to plaintiffs to determine whether they invoke principles of substantive law. *Gaines v. Monsanto Company*, 655 S.W.2d 568, 570 (Mo.App.1983).

■ The City of St. Louis ordinances that plaintiffs rely on [1] are, by their terms, applicable only to the owners of the buildings (landlords). When the children were exposed to the lead paint their parents and not the defendants were the owners of the building. Hence the ordinances do not support a cause of action against the defendants.

■ As noted in *Combow v. Kansas City Ground Inv. Co.*, 358 Mo. 934, 218 S.W.2d 539, 541 (1949) "[i]t seems to be well settled in this state and in other jurisdictions that, absent an express agreement to the contrary, the seller of real estate cannot be held liable for defective condition of the premises." *Combow*, 218 S.W.2d at 541. A purchaser of real estate, other than a newly constructed home,[2] has no cause of action in negligence against its vendor but may have a contract claim based on express warranties. *Combow*, 218 S.W.2d at 541. Plaintiffs here have made no claim based on the sale contract.

■ We find that the court properly concluded that the petition failed to state a cause of action for negligence, for nuisance and for violation of city ordinances. However we hold that the court erred in dismissing the petition where the allegations of intentional misrepresentation or intentional acts, in their broadest intendment invoked principles of substantive law on which plaintiff may recover.[3] *Gaines v. Monsanto Company*, 655 S.W.2d 568, 570 (Mo.App.1983). "A petition is not insufficient merely because of a lack of definiteness or certainty in allegation or because of informality in the statement of essential fact." *Tripp v. Harryman*, 613 S.W.2d 943, 948 (Mo.App.1981).

Because there are imperfections and deficiencies in the pleadings on the theory of intentional misrepresentation, intentional act and warranty we remand to give the plaintiffs an opportunity to properly and fully state a cause of action on these theories only.

REINHARD and CRANDALL, JJ., concur.

---

1. Ordinance No. 51637, Section 390.060 (in effect when house was purchased but since repealed):

   Vacant dwelling unit—Whenever a dwelling unit is vacant, it shall be the duty of the owner or agent to determine that such dwelling unit is in a clean, sanitary and habitable condition before renting or permitting such unit to be occupied by another occupant. Walls, ceilings and floors shall be in sound, useable condition with clean sanitary finish. Section 390.080—"Occupancies prohibited,—No owner of a building which contains a dwelling unit or dwelling units shall permit the occupan-

   cy of any dwelling units not in compliance with the requirements of law."

2. In *Smith v. Old Warson Development Company*, 479 S.W.2d 795 (Mo. banc 1972) the Missouri Supreme Court abandoned the doctrine of caveat emptor for the sale of new homes and noted that in the sale of *new* houses there is an implied warranty of fitness, *Old Warson* at 801, which applies only to the first purchaser. *Crowder v. Vandendeale*, 564 S.W.2d 879, 881–82 (Mo. banc 1978).

3. We make no judgment on the merits of these arguments.