Wiibelbr, J.
We have heretofore decided that writing is not necessary to convey tillo to a slave, and that tiro ownership of this species of property may be established by parol evidence. (Davis v. Loftin, 6 Tex. R., 489.)
The only question to be determined in this case, therefore, is whether the oral declaration or admission of a party of his having sold a slave, when that sale was evidenced by writing, is admissible as primary evidence of the fact.
It is the well-settled general rule that ‘‘oral proof cannot be substituted for the written evidence of any contract which the parties have put in writing.” (1 Greenl. Ev., sec. 87.)
There are cases, however, in which the verbal admission of the contents of a writing by the party himself will supersede the necessity to produce or account for the non-production of the writing; that is, may bo used as primary evidence of the contents of the writing against the party making the admission and those claiming under him.
A distinction is to be observed (says Greenleaf) “between a confessio jurie and a confessio facti. If the confession is of the former nature, it falls within the rule already considered, and is not received, for the party may not know the legal effect of the instrument, and his admission of its legal effect may be exceedingly erroneous; but where the existence and not the formal execution of the instrument is the subject of inquiry, or where the writing is collateral to the principal parts, and it is on these facts that the claim is founded, the better opinion seems to be that the confession of the party precisely identified is admissible as primary evidence of the facts recited in the writing.” (1 Greenl. Ev., sec. 96.)
The admission of the party in the present case was evidently of the latter character, and as such was admissible in evidence.
Where the terms of a written contract are in controversy the writing must be produced. But that was not the case in this instance. The writing was collateral to the principal fact, which was the sale, and which it was competent to prove bv the oral admission of the party as primary evidence of the fact. (Id., secs. 07, 203.)
The defendant, claiming under the party who made the admissions, is bound by it.
We are of opinion that the court did not err in the admission of the evidence or in the instructions to the jury, and that the judgment be affirmed.
Judgment affirmed.