ALLEN v. CAMAROS et al.  (No. 2661.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 19, 1923. Rehearing Denied Jan. 25, 1923.)

1. Joint adventures ☞5(1)—Remedy of one alleging contribution to purchase price of farm held not at law for recovery of sum so contributed.

Where plaintiff and defendant agreed that the commission due defendant on the sale of land to plaintiff should go into and become a part of the purchase price of the land, the effect was to make plaintiff and defendant owners of the land, with plaintiff, in whose name title was conveyed, the holder of the legal title and trustee for defendant, whose remedy was a suit to establish the trust and to partition the property, and not a cross-action to recover the sum he alleged to have contributed to the purchase of the farm.

2. New trial ☞102(1)—Refusal for newly discovered evidence not erroneous, where reasons for nonproduction at trial insufficient.

The denial of a new trial for newly discovered evidence, where no sufficient reason appeared in the motion therefor why such evidence could not have been produced at the trial, held not erroneous.

Appeal from District Court, Gregg County; P. O. Beard, Judge.

Action by Mack Camaros and another against M. L. Allen. From a judgment against him on a cross-action, defendant appeals. Affirmed.

Appellees Mack Camaros and Theodore Camaros, owners of a farm which they had just purchased of one R. Lacy, on March 2, 1921, arranged with appellant to take charge of and operate same until they sold it. For his services appellant was to receive one-half the net profits arising from the operation of the farm, and when appellees sold same he was to receive one-third the "net profits on the sale." Appellant took charge of the farm accordingly and operated it during the year 1921. This suit by appellees was commenced in December of that year. It was to cancel said contract and to recover possession of the farm. At the trial appellant admitted that appellees were entitled to the relief they sought so far as it was to recover possession of the farm. The judgment awarded appellees such a recovery, and no complaint of it in that respect is made here. The contentions here are predicated on rulings of the trial court with reference to issues presented (appellant insists) in a cross-action by him against appellees in which he was denied a recovery of anything. In his cross-petition appellant alleged that he and one Moore were partners as real estate brokers; that prior to the time when appellees purchased the Lacy farm he and appellee Mack Camaros entered into an agreement 'by the terms of which he was to "seek out and locate bargains in real estate," which said appellee was to buy and pay for, the profits realized from such transactions to be divided equally between them. Appellant then alleged, in effect, that, complying with his undertaking, he "located" bargains in real estate and from time to time advised said appellee thereof; that said appellee thereupon purchased the property; that the property so purchased consisted of several different pieces of land, worth $10,125 more than said appellee paid therefor; and that said difference represented profits on the transactions, one-half, or $5,062.50, of which belonged to him (appellant). Appellant then alleged that the Lacy farm hereinbefore referred to was placed in his firm's hands for sale; that said firm, acting for the owner (said R. Lacy), offered to sell said farm to said appellee, who—

"elected to buy said farm for a consideration of $55,000; that the said Camaros knew that the farm was listed with the defendant's firm and that they would be entitled to a commission of $2,500; that in order to get said place for $50,000 the plaintiff in this suit Mack Camaros prevailed upon the defendant M. L. Allen to allow his commission of $2,500, which was to be paid to him by Lacy, to go in on the purchase price of said property, and also induced the defendant Allen to personally undertake to raise and pay the said Rogers Lacy the further sum of $2,500, so that the actual cost of the place to Camaros would be $50,000, exclusive of the $5,000 which was to be paid by this defendant; that in the purchase of this property the defendant, M. L. Allen, put in from his own resources the sum of $5,000 as hereinabove stated."

Appellant further alleged that the property referred to other than the Lacy farm, in which he, as alleged, had profits of $562.50, was used by said appellee in paying for said farm; and then alleged as follows:

"The defendant shows that he has contributed to the purchase of said farm to the amount of $10,262, which the plaintiff Camaros well knew, and did agree that the same should be repaid to this defendant upon the sale of the place, 'as was therein arranged and contem-

plated between the parties; that said $10,262 was due the defendant by the plaintiff as commissions and profits that had accrued in the series of transactions between the parties, and which plaintiff had agreed to pay the defendant upon the sale of said property, and to which amount the said property is equitably charged with a lien in favor of this defendant. Wherefore, premises considered, the defendant prays that the plaintiffs take nothing by this suit, but that he have judgment against the plaintiffs for $10,262, and that same be fixed as a lien against the land described and sued for in plaintiffs' petition."

The only question submitted to the jury at the trial was one as follows, which the jury answered in the negative:

"Did M. L. Allen and Mack Camaros have an agreement between themselves by which M. L. Allen would seek and locate bargains in real estate and that Mack Camaros would furnish the money with which to buy said real estate and the said M. L. Allen and Mack Camaros would share equally the profits realized upon the purchase and sale of such real estate in addition to any commission that might be paid to the real estate firm of Moore & Allen for the sale of such property?"

Campbell & Campbell, of Longview, and Davidson, Blalock & Blalock, of Marshall, for appellant.

Lacy & Bramlette, of Longview, for appellees.

WILLSON, C. J. (after stating the facts as above). Of the contentions presented in appellant's brief the first is that the trial court erred when he refused to submit to the jury a question as follows:

"Was it agreed between the defendant, M. L. Allen, and the plaintiff Camaros that the $2,500 commissions due by Rogers Lacy to the firm of Moore & Allen for the sale of the Lacy farm should go into and become a part of the purchase price of the Lacy place?"

In the proposition advanced to support the contention appellant asserts:

"That undisputed evidence showed that the farm was listed with said real estate agents and that the said commission went into the purchase price of the property, and it was admitted in open court and by the pleading filed that Allen had been ejected from the property and the contract for his portion or interest had been breached or set aside by Camaros."

[1] As we view the matter, it is not necessary to determine whether the testimony would have supported an affirmative answer to the question or not, for such an answer would not have required the trial court to render a judgment different from the one he did render. If the parties so agreed, and the $2,500 commissions did "go into and become a part of the purchase price of the Lacy place," the effect thereof may have been to make appellant and appellees togeth-er, instead of the latter alone, the owners of the property purchased. In that state of the case, the deed from Lacy being to appellee Mack Camaros, he would have held the legal title to the interest owned by appellant as trustee for the latter (Johnston v. Johnston [Tex. Civ. App.] 204 S. W. 469), and appellant's remedy would have been a suit to establish the trust and partition the property among the owners thereof. Appellant's cross-action was not that kind of a suit, but, instead, was to recover of appellees the sum he alleged he had "contributed to the purchase of said farm." Certainly, on a finding merely of facts showing that he and appellees together were the purchasers of the property, he would not be entitled to recover of the latter the sum of money he paid as the purchaser of an interest therein. And had the question been submitted to the jury and answered in the affirmative, and had the answer considered with reference to appellant's pleadings been construed as a finding in effect that he had loaned the $2,500 to appellees to use in paying for the property, it would not therefore appear that the trial court erred when he denied him the relief he prayed for; the allegation in appellant's cross-petition was that the amount he contributed to pay for the property was to be paid to him "upon the sale of the place," and it did not appear from the testimony that appellees had sold same. On the contrary, the testimony was that appellees still owned the place at the time of the trial.

[2] Another contention presented by the assignments is that the trial court erred when he refused to grant appellant a new trial because of "newly discovered evidence" relevant to the issue the trial court submitted to the jury. The evidence referred to was testimony which appellant alleged F. Z. Ingram, Mrs. Virgie Bowers, and W. C. Shoults would give on another trial of the case that appellee Mack Camaros at times specified before the trial stated to them that he and appellant were partners in the purchase and sale of real estate. W. C. Shoults was one of the attorneys who represented appellant in the litigation. It appears from the motion for a new trial and affidavits attached thereto that the alleged admission of appellee Mack Camaros to Shoults was made long before the time of the trial, and that before that time appellant knew of the testimony it was alleged Ingram and Mrs. Bowers would give, and informed Shoults thereof. The reason shown in the motion for the failure to produce the testimony at the trial was illness of Shoults which prevented him from being present and participating in the trial as one of appellant's attorneys and from thinking about "anything other than his condition." But no sufficient reason appears in the motion why appellant, who was present at the trial and therefore

must have known of the illness and absence of his attorney Shoults, did not inform other attorneys present representing him of the testimony in question.

The assignments complaining of the action of the court in overruling the motion are overruled.

The judgment is affirmed.