**JOHNSON v. JOHNSON.**

No. 5632.

Court of Civil Appeals of Texas. Texarkana.

May 10, 1940.

Rehearing Denied May 16, 1940.

E. A. Martin and Richard Nicolds, both of Longview, for appellant.

Harvey P. Shead, of Longview, for appellee.

WILLIAMS, Justice.

Upon jury findings, judgment was entered which denied a divorce to Jennie Gatlin Johnson, plaintiff below.

Plaintiff sought a new trial on alleged grounds of newly discovered evidence. According to the testimony heard on the amended motion for a new trial, one Dr. Khoury would have testified that defendant's arm had been broken by a blow from a club instead of from a gunshot wound as claimed by defendant. It is without dispute that his arm was broken either by a blow with an axe handle wielded by plaintiff or from a pistol shot fired by her. We fail to see where this testimony of Dr. Khoury would effect the issue as to whether defendant was guilty of cruel treatment. This physician treated defendant for his injuries at the Gregg Memorial Hospital. Plaintiff visited defendant in this hospital; saw that he was bandaged; washed his face; and carried him clean clothes. This physician was available as a witness on the day of the trial. Diligence is not shown, for on the slightest effort upon inquiry she could have ascertained the name of the physician and the character of the wounds. 31 T.J. pp. 98, 100, 105; Griffith v. Gohlman Lester & Co., Tex.Civ.App., 253 S.W. 591.

On the same day judgment was entered the court also entered an order, after hearing, which relieved defendant from paying plaintiff further alimony during the pendency of this appeal. The provision of Article 4637, R.C.S. of 1925, is conditional. The financial status of both litigants had been fully developed in the trial. This evidence does not indicate that the trial court abused his discretion.

The judgment is affirmed.