**Ida CARTER, Administratrix of Estate of Cora Carter, Deceased, Appellant,**

v.

**Narvel CARTER, Appellee.**

**No. 16565.**

Court of Civil Appeals of Texas.

Dallas.

May 21, 1965.

Wilson F. Walters, Denison, for appellant.

Carl R. McLynn, Sherman, for appellee.

BATEMAN, Justice.

Appellee Narvel Carter made claim against the estate of his deceased sister, Cora Carter, for $1,560 which he claimed he sent to her to keep in trust for him. The appellant Ida Carter, Administratrix of the Estate of Cora Carter, Deceased, rejected the claim and in the suit filed in the district court to establish the claim she contended the amounts of money appellee sent Cora Carter constituted gifts. At the conclusion of a nonjury trial the court rendered judgment for appellee for the $1,560.

By her first point of error on appeal the appellant asserts that the evidence is insufficient to support the judgment. Appellee called three witnesses, Marie Hall, Nathaniel Caffee and Norman Hall, all of whom testified to conversations they had had with Cora Carter in her lifetime. Marie Hall said that Cora told her that appellee, who had been working in Chicago, had been sending money to her in Denison, Texas, to put in the bank as his "retirement money" which he would live on when he retired. Nathaniel Caffee said Cora told him that appellee was sending money for her to keep for him, and that she had money which he had sent her and which she was keeping for him. Norman Hall said that Cora told him about some money she was saving for appellee and that when he got old and thought of retiring she would have a little money saved for him; that this was money he, appellee, was sending to her. This evidence was admissible against Cora's administratrix. 2 McCormick & Ray, Texas Law of Evidence, p. 70, § 1177; Dooley v. McEwing (1852), 8 Tex. 306; Schmidt v. Huff, Tex.Sup., 1892, 19 S.W. 131.

Appellee was called as a witness by counsel for appellant and in response to his questions testified that he had been working in Chicago and that when he came to Denison on vacation his sister, Cora, said to him: "I want you to put some money in the bank," and that when he said "I ain't got none," she replied: "Send me some money and I'll keep it. When you get 65 years old you can't get no job and you'll have something to live on." He said he sent the money home so he couldn't get to it; that if he had it "up there" he would spend it; that he sent about $50 a month. There were also in evidence money order stubs aggregating $1,560, all payable to Cora Carter.

We think the foregoing testimony was clearly sufficient to support the judg-

ment. The only evidence to the contrary was a prior claim filed against the estate by appellee for $1,700, in which he swore he had sent the money to Cora "for her benefit and support prior to her death." Appellee explained in his testimony that his first attorney prepared this claim and that it was wrong; that he told his second attorney (the one who represented him in the trial) that the first claim was wrong and that the reason he was keeping the money order stubs was so that when he resigned and came home he would know just exactly how much money he had, and that if he lost some of them that was his loss; that he didn't send the money to help Cora Carter, because she had more money than he would ever have. The trial judge had the opportunity to observe the witnesses and their demeanor while testifying and was thus in much better position to evaluate the testimony than we. We have no authority to substitute our evaluation thereof for his.

■ Appellant argues that the arrangement between Cora and appellee cannot properly be construed as a trust because it was unilateral and lacked reciprocal agreement of Cora to act as trustee, and also because it was not definitely agreed how long the trust would last nor how it would be terminated. The record shows an understanding between them that Cora would keep for appellee the money he sent her so that it would be available to him when he retired. It was shown that she agreed to the plan and, in fact, suggested it. Even if the parties did not specifically agree on every element necessary to the creation of an express trust, there was competent evidence to the effect that appellee sent the money to his sister, Cora, without receiving any consideration and with no intention to make a gift. The court, as trier of the facts, must have impliedly found this to be true. If so, the trust resulted even if Cora had not expressly agreed to hold the money in trust and disburse it according to a specific plan and at a certain time. Her agreement to turn the money, or any part of it, over to appellee on demand would be sup-

plied by operation of law. 42 Tex.Jur., Trusts, § 40, p. 643; Jackson v. Hernandez, Tex.Civ.App., 274 S.W.2d 131, affirmed 155 Tex. 249, 285 S.W.2d 184; Brown v. Warfield, Tex.Civ.App., 234 S.W.2d 264, 267, wr. ref.

The first point is overruled.

■■ By her second point of error, designated as Point No. 1(A), appellant complains of the admission of the aforesaid testimony of Marie Hall over the objection that it was prohibited by the Dead Man's Statute (Vernon's Ann.Civ.St., Art. 3716). This point is without merit for two reasons. (1) The witness was neither a party to the suit nor interested in the estate, her relationship to Cora Carter being that of a second cousin and it appearing without dispute that Cora left surviving her a sister and a brother. Probate Code, § 38. (2) The testimony was cumulative of that of two other witnesses and, even if its admission were error, such error would be held by us to be harmless under Rule 434, Vernon's Texas R.C.P. This point is overruled.

■ In her third point of error, designated as No. 2, appellant says it was error for the court to overrule her amended motion for new trial. The point as stated is too general. Rule 418, T.R.C.P.; Tindall v. Tacconelly, Tex.Civ.App., 328 S.W.2d 909, wr. ref. n. r. e. But an examination of the statement and argument under it shows that it is based upon certain newly discovered evidence. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478. In the motion it was alleged that after the trial three persons told appellant they had seen an account of the trial in a newspaper, were surprised at the result and, although they had been unwilling to become involved in the trial, were now willing to come to court and testify to the effect that Cora Carter had hold them that she needed money and wished that Narvel Carter would send her some money because she needed it to pay her bills; that he had been sending a money order to her periodically for her to live on and with which she bought groceries and paid for her

utilities; and that Ida Carter had also been sending money to her. Appellant alleged in the motion that she was diligent in trying to find such evidence, that the people she talked to were silent, not wishing to become involved and not believing that appellee could recover anyway.

To obtain a new trial on this ground it is necessary for the complaining party to show that his knowledge of the existence of the new evidence was acquired subsequent to the trial; that his failure to discover and obtain the evidence in time to be used at the trial was not due to want of diligence; that the evidence is material and not merely cumulative, and that if admitted it would probably change the result upon another trial. 31 Tex.Jur., New Trial— Civil Cases, § 81, p. 90; City of Mesquite v. Scyene Investment Co., Tex.Civ.App., 295 S.W.2d 276, 281, wr. ref. n. r. e. The trial court by its judgment impliedly found that appellant did not bring the matter within the foregoing rule.

Moreover, the so-called newly discovered evidence would have been inadmissible as hearsay. It did not fall within the exception to the hearsay rule, as did the testimony of Marie and Norman Hall and Nathaniel Caffee, that admissions of a decedent against her interest may be proved against her administrator or executor by those to whom she made the admissions.

It is also well settled that "the grant or refusal of a new trial for newly discovered evidence rests within the sound discretion of the trial court, and that unless such discretion has been abused the court's ruling will not be disturbed on appeal." 31 Tex.Jur., New Trial—Civil Cases, § 82, p. 91. From a careful review of the record presented here we conclude that the appellant has not carried the burden of showing such abuse of discretion, and that the point should be overruled.

The judgment appealed from is

Affirmed.