**HOME INDEMNITY COMPANY et al.,**
**Appellants,**

v.

**Mrs. Freddie EDWARDS, Appellee.**

**No. 17340.**

Court of Civil Appeals of Texas,
Fort Worth.

Dec. 1, 1972.

Rehearing Denied Jan. 5, 1973.

**562**

Brown, Crowley, Simon & Peebles, and Richard N. Haskell, Fort Worth, for appellants.

Lowell E. Dushman, and N. Michael Kensel, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

Freddie Edwards filed this cause on May 13, 1970, to collect benefits under the Workmen's Compensation Law for the fatal injuries received by her husband, James C. (Jack) Edwards who died March 27, 1969. The Industrial Accident Board of the State of Texas, on July 18, 1969, entered its award approving a lump sum settlement in the sum of $11,152.79 for Loyce Edwards, as the common-law wife of James C. (Jack) Edwards, which amount was paid by appellant, Home Indemnity Company. Freddie Edwards gave notice of her claim to the Industrial Accident Board on September 12, 1969. On April 17, 1970, the Industrial Accident Board denied Freddie Edwards' claim for benefits.

Freddie Edwards gave notice of appeal from the ruling of the Industrial Accident Board and filed her suit in the 141st District Court of Tarrant County, Texas, on May 13, 1970, against Home Indemnity Company. Home Indemnity Company filed its answer and by way of a Third-Party Petition brought in Loyce Edwards for indemnity for all amounts paid to her. Loyce Edwards did not file an answer though served with Citation, but testified when called as a witness by Home Indemnity. The case was tried before a jury on October 11, 1971. The jury made findings in favor of the appellee, Freddie Edwards, to the effect that she did not abandon her husband, Jack Edwards. Judgment was entered for the appellee on November 3, 1971. This appeal by Home Indemnity Company is based upon four (4) points of error.

We affirm.

First, it is contended that the trial court erred in entering judgment for the appellee, Freddie Edwards, for the reason that the appellee failed to introduce competent evidence to overcome the presumption in law of the validity of the subsequent marriage existing between Jack Edwards and Loyce Edwards and appellee offered no evidence to overcome the presumption in law of the dissolution of a prior marriage once a subsequent marriage relationship is shown.

It is uncontested that Freddie Edwards entered into a valid, subsisting, ceremonial marriage with Jack Edwards on September 11, 1938, and that Freddie Edwards was expecting a child when Jack Edwards left her in 1944 and started living with Loyce Edwards. Jack Edwards never obtained a divorce from Freddie Edwards and Freddie Edwards never obtained a divorce from Jack Edwards.

It is further uncontested that at the time Loyce Edwards and Jack Edwards commenced their illicit relationship, Loyce was merely separated—not divorced—from her true and legal husband, Mr. Brown, and that she never received divorce papers from

Mr. Brown. Such marriages can only be terminated by death, divorce or annulment.

█ In the present case neither of the parties had the capacity to enter into a common-law marriage because their previous marriages to others had not been terminated by divorce, annulment or the death of their respective spouses. There can be no valid marriage when the relationship is meretricious at inception. United States Fidelity & Guaranty Co. v. Dowdle, 269 S.W. 119 (Dallas, Tex.1924, no writ hist.); Drummond v. Benson, 133 S.W.2d 154 (San Antonio, Tex., 1939, writ ref.); Barker v. Lee, 337 S.W.2d 637 (Eastland, Tex., 1960, no writ hist.). In the latter case the court stated that it was not necessary to negative every possible means by which a prior marriage could have been dissolved. See also Edelstein v. Brown, 35 Tex.Civ. App. 625, 80 S.W. 1027 (1904, no writ hist.); Tijerina v. Botello, 207 S.W.2d 136 (Austin, Tex., 1947, no writ hist.).

McCormick and Ray's Texas Law of Evidence, Second Edition, states: "It is often stated as a settled rule of evidence that where a person, object, relation or state of things is proved to have existed at a particular time, its continuance is presumed until the contrary is shown. This so-called presumption has been applied to a great variety of subjects including: . . . illicit intercourse, continuance of marriage, . . . . (§ 81, p. 81)

" . . . marriage cannot be presumed from an illicit as distinguished from a matrimonial cohabitation. And where a cohabitation between a man and woman was illicit in its inception and so understood by them, it is presumed to continue illicit until proof is made of a change to a matrimonial cohabitation." (§ 89, p. 107)

In our opinion the evidence in this case is more than sufficient to show that the prior marriage could not have been dissolved. When Loyce Edwards began the meretricious relationship with Jack Edwards in January of 1945 and they started living together three months later, Freddie Edwards, the previous and only wife of Jack Edwards, was pregnant. The child, Murray Edwards, was born April 20, 1945. Article 4639a, Vernon's Ann.Civ.St., requires a petition for divorce to set forth the names, ages, sex and residence of any child under the age of eighteen (18) years.

In Snyder v. ·Schill, 388 S.W.2d 208 (Houston, Tex.1964, writ ref., n.r.e.) a ceremonial marriage took place at a time when the husband was already married. The court held that evidence of the husband's admission that he knew he was not married to the insured and the certificate from the first marriage was sufficient to overcome the presumption of the validity of the subsequent marriage.

█ In the instant cause Loyce Edwards admitted that she was separated—not divorced—from Mr. Brown when she set up housekeeping with Jack Edwards. In our opinion this admission, coupled with the certificate of marriage of Freddie Edwards and Jack Edwards, is sufficient to negative the presumption of the validity of the second relationship. The jury in this cause was of the same opinion.

The appellee's position in this cause may be summarized as follows: (1) No valid second marriage has been shown—it was an illicit and meretricious relationship because of the pre-existing marriages. The appellant had the burden of overcoming the presumption and submitting special issues therein and failed to do so. (2) Regardless of said "second marriage" appellant was attacking the continuance of the first marriage—in which a child was involved—and had the burden of the affirmative defense and submitting special issues thereon.. (3) There is ample evidence to show that the first marriage continued to exist, and it is well established that the Court is presumed to have found all facts in favor of its judgment. (4) Even though Freddie Edwards did not have the burden of proof, she nonetheless amply proved that she and

decedent were never divorced. We are in accord with her theory of the case.

The first point is overruled.

By its second point the appellant contends that the trial court erred in entering judgment for appellee, Freddie Edwards, for the reason that the settlement in favor of Loyce Edwards approved by the Industrial Accident Board of the State of Texas is res judicata.

Section 5, Article 8307, V.A.T.S., provides that, "If any party to such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto; . . ."

■ On July 18, 1969, the date the settlement between defendant and Loyce Edwards was approved by the Industrial Accident Board, Freddie Edwards was not, in fact, a party before the Board and had no way of knowing of these proceedings. Consequently, a defense of res judicata as to the award of the Industrial Accident Board would be manifestly unjust in denying Freddie Edwards the right to pursue her remedy before this Court, particularly since Loyce Edwards falsely swore before the Industrial Accident Board under oath on May 14, 1969, that "Jack Edwards had never been married prior to our marriage . . . ."

In National Loan & Investment Co. v. L. W. Pelphrey & Co., 39 S.W.2d 926 (Eastland, Tex., 1931, no writ hist.) the court said: " 'A stranger to the record, who was not a party to the action in which the judgment was rendered nor in privity with a party, is not prohibited from impeaching the validity of the judgment in a collateral proceeding; . . .'

" '. . . Where it appears from the face of the record that a party interested was not before the court, and had no notice or opportunity to be heard, the rule does not apply. Such parties may be heard

upon questions of both law and fact as fully as though no judgment had been rendered.' "

The second point is overruled.

■ By its third point appellant asserts the trial court erred in entering judgment for the appellee, Freddie Edwards, for the reason that the jury's answer to special Issue No. 1, which inquired whether or not appellee abandoned her husband, was so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust and there was no evidence or insufficient evidence to support such finding.

Based upon our examination and review of the entire record in this cause we find and hold that there is ample evidence in the record to support this finding of the jury and that such finding is not so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust.

In affirming the judgment we can see no necessity in reciting the testimony on this point. Such evidence was adequate.

Appellant by its fourth point contends the trial court erred in refusing to grant appellant a new trial based on newly discovered evidence of a material nature which was not merely cumulative or impeaching and not the result of a lack of due diligence.

The appellant submitted the sworn affidavits of Winnie Mae Broughton and its attorney as newly discovered evidence which would probably change the result of the trial. The affidavit of Winnie Mae Broughton, based largely on hearsay, does not represent newly discovered evidence nor does it adequately fulfill the requirements for securing a new trial on this basis.

■ In order to justify the granting of a new trial on the basis of newly discovered evidence it generally must be shown that the evidence was:

1. Unknown to the movant before the trial;

2. That his failure to discover it was not due to his want of diligence;

3. That its materiality was such as would probably bring about a different result on another trial; and

4. Generally that it was competent and not merely cumulative, corroborative, collateral or impeaching.

In our opinion the appellant has failed to make the showing required for the granting of a new trial. See Allen v. Camaros, 247 S.W. 333 (Texarkana, Tex., 1923, writ of err. dism.); Johnson v. Johnson, 140 S.W.2d 519 (Texarkana, Tex., 1940, no writ hist.); Carter v. Carter, 391 S.W.2d 546 (Dallas, Tex., 1965, no writ hist.); and Pleasant Grove Builders, Inc. v. Phillips, 355 S.W.2d 818 (Dallas, Tex., 1962, writ ref., n. r. e.).

The fourth and final point is overruled.

All points of error having been overruled, the judgment of the trial court is affirmed.