United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 6, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60223
Summary Calendar

_____

NEREIDA HERNANDEZ-GRADO,

Petitioner,

versus

ALBERTO R. GONZALES,
ATTORNEY GENERAL OF THE UNITED STATES.

Respondent.

_____

Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A70 604 831

_____

Before JONES, WIENER, and DEMOSS, Circuit Judges.

PER CURIAM:[*]

The Petitioner, Nereida Hernandez-Grado, seeks review of

the Board of Immigration Appeals' ("BIA") denial of her application

for battered-spouse cancellation of removal pursuant to the

Immigration and Nationality Act ("INA") § 240A(b)(2), 8 U.S.C. §

1229b(b)(2). In its denial, the BIA adopted and affirmed the

Immigration Judge's decision. Because Ms. Hernandez-Grado has

failed to prove that she was in a valid common-law marriage under

Texas law, she cannot establish statutory eligibility for battered-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

spouse cancellation of removal under INA § 240A(b)(2). Therefore, Ms. Hernandez-Grado's petition for review is **DENIED**.

## I.  BACKGROUND

Nereida Hernandez-Grado is a native and citizen of Mexico who entered the United States without inspection on September 12, 1993. On September 9, 2003, Ms. Hernandez-Grado was served with a Notice to Appear, charging her with removability pursuant to INA § 212(a)(6)(A)(i) as an alien present in the United States without having been admitted or paroled.

Ms. Hernandez-Grado appeared at a hearing on October 9, 2003, and admitted the factual allegations in the Notice to Appear and conceded removability pursuant to INA § 212(a)(6)(A)(i). She subsequently applied for non-permanent resident cancellation of removal pursuant to INA § 240A(b)(1), and for battered-spouse cancellation of removal pursuant to INA § 240A(b)(2). The Immigration Judge denied cancellation of removal pursuant to INA § 240A(b)(1) because Ms. Hernandez-Grado fell short of accumulating the requisite ten years of continuous physical presence. The Immigration Judge also denied cancellation of removal pursuant to INA § 240A(b)(2) because he found that Ms. Hernandez-Grado did not establish that she had a valid common-law marriage under Texas law. The Immigration Judge did grant Ms. Hernandez-Grado sixty days voluntary departure.

2

Ms. Hernandez-Grado subsequently appealed to the BIA, and on March 2, 2005, the BIA adopted and affirmed the Immigration Judge's decision. Ms. Hernandez-Grado has sought review in this court, arguing that the Immigration Judge and BIA erred in holding that she could not establish common-law marriage and therefore was not eligible for battered spouse cancellation of removal pursuant to INA § 240A(b)(2).[1]

Ms. Hernandez-Grado testified that she married Adolfo Hernandez on December 4, 1995. The marriage was terminated through a divorce on June 11, 2002. Ms. Hernandez-Grado further testified that she met and began living with Jesus Cordova in 1998 while she was still married to Mr. Hernandez. She listed the date of her "marriage" to Mr. Cordova in her application for cancellation of removal as June 2002. She also stated in the application that her marriage to Mr. Cordova was terminated or ended on July 29 or August 1, 2002 when a restraining order was issued against him. Ms. Hernandez-Grado further asserted that Mr. Cordova was domestically violent and that sometimes he would drink and beat her. She asserted that during these incidents, the authorities were called to the scene and that she went to the hospital for medical treatment. She contended that the last domestic violence

---

[1] Petitioner also asserts that only a 3-year residency requirement applies because of her battered spouse claim, but we do not reach this contention.

incident occurred on June 29, 2002, and that she and Mr. Cordova are now separated.

## II.  STANDARD OF REVIEW

On a petition for review of a BIA decision, we review the BIA's "rulings of law de novo, but we will defer to the BIA's interpretation of immigration regulations if the interpretation is reasonable." Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001).  We review the BIA's findings of fact for substantial evidence. Roy v. Ashcroft, 389 F.3d 132, 137-38 (5th Cir. 2004). We will not reverse the BIA unless "the evidence is so compelling that no reasonable fact finder could fail to find the petitioner statutorily eligible for relief." Id. at 138 (internal quotations and citations omitted).

## III.  DISCUSSION

Under 8 C.F.R. § 1240.8(d), Ms. Hernandez-Grado, in asking for relief from removal, has "the burden of establishing that [] she is eligible for any requested benefit or privilege and that it should be granted in the exercise of discretion."  Ms. Hernandez-Grado argues that she qualifies for cancellation of removal under INA § 240A(b)(2).  To prove that she qualifies for relief, she must show that she "has been battered or subjected to extreme cruelty by a spouse . . . who is or was a lawful permanent resident." 8 U.S.C. § 1229b(b)(2)(A)(i)(II).  The Immigration Judge ruled that,  because Ms. Hernandez-Grado did not prove that she had

4

a valid common-law marriage to Mr. Cordova (her batterer), she was not battered "by a spouse" as required under INA § 240A(b)(2) and therefore did not qualify for relief from removal.

In Texas, to establish a common-law marriage, a party must prove that: (1) the parties agreed to be married, (2) after the agreement the parties lived together in Texas, and (3) the parties represented to others in Texas that they were married. Flores v. Flores, 847 S.W.2d 648, 650 (Tex. App. 1993) (citations omitted). Ms. Hernandez-Grado was divorced from her first husband, Mr. Hernandez, on June 11, 2002. Her relationship with Mr. Cordova prior to that date is irrelevant to a determination as to whether they entered into a common-law marriage. See Home Indem. Co. v. Edwards, 488 S.W.2d 561, 563 (Tex. Civ. App. 1972); Edelstein v. Brown, 80 S.W. 1027, 1028 (Tex. Civ. App. 1904). Ms. Hernandez-Grado must produce evidence that her former illicit relationship with Mr. Codova changed to a legal marital relationship after her divorce from Mr. Hernandez. See Edwards, 488 S.W.2d at 563. Because Ms. Hernandez-Grado terminated her relationship with Cordova on July 29 or August 1, 2002, that is the relevant period for determining whether Ms. Hernandez-Grado and Mr. Cordova had participated in a common-law marriage.

Ms. Hernandez-Grado has failed to prove at least two of the three necessary elements of common-law marriage in Texas. First, she has failed to demonstrate that she and Cordova agreed to be married at any time between June 11, 2002 and July 29 or

5

August 1, 2002. Second, she has not provided any evidence that she lived with Mr. Cordova during that period. Indeed, the June 11, 2002 hospital report reflects that on that date, Ms. Hernandez-Grado and Mr. Cordova had different addresses, and Ms. Hernandez-Grado offers no proof that she and Cordova ever cohabited during the required period. Last, although there is some evidence in the record that Ms. Hernandez-Grado represented to others in Texas that she and Mr. Cordova were married during the relevant interval, it appears that they were inconsistent in their representations of their relationship. We need not analyze the third element further, however, because Ms. Hernandez-Grado's failure to prove the first two elements renders untenable her claim of a Texas common-law marriage.

The Immigration Judge correctly determined that Ms. Hernandez-Grado was not battered "by a spouse", as required under INA § 240A(b)(2), and does not qualify for relief from removal. Accordingly, Ms. Hernandez-Grado's petition for review is **DENIED**.